RAY G. VANDEVIER *v.* GLADYS CHAPMAN

73-217                                    505 S.W. 2d 495

Opinion delivered February 11, 1974
[Rehearing denied March 18, 1974.]

*Hobbs and Longinotti,* for appellant.

*Laser, Sharp, Haley, Young & Boswell, P.A.,* for appellee.

LYLE BROWN, Justice. A personal injury action was instituted by appellant, Vandevier, against appellee, Chapman. At the time suit was filed, appellee was living in Arizona and service was had upon the Secretary of State. The trial court sustained a demurrer to appellant's complaint and the appeal is from that order. Appellant.

contends that the complaint stated a cause of action; alternatively, appellant avers that if the complaint did not state a cause of action, the unanswered request for admissions supplies the deficiency.

Appellant alleged that on the date of the incident he was visiting in the home of appellee in Garland County; that appellee explained to appellant that appellee was planning to sell her car; and that appellee requested appellant to check the condition of the car. Appellant alleged that while he was checking the car it began rolling and knocked him to the ground, causing specified injuries. Then the paragraph alleging negligence is as follows:

That the injuries and ultimate damages suffered by the plaintiff (appellant) were the direct and proximate result of the negligence of defendant (appellee) in that she had failed to advise the plaintiff (appellant) that the automobile in question had not been placed in gear and had failed to advise the plaintiff (appellant) that the emergency brake had not been set on the automobile.

The complaint was demurrable for failure to state facts which would constitute a cause of action. Ark. Stat. Ann. § 27-1115 (Repl. 1962). The allegations are more in the nature of conclusions rather than facts; it is not alleged that appellee had knowledge of the facts alleged with respect to the car being out of gear and the brake not being set; and it is not alleged as to specifically what incident caused the car to roll.

The basic infirmity in the pleading is the stating of conclusions and we have held such to be insufficient to state a cause of action. *Ready* v. *Ozan Investment Co.,* 190 Ark. 506, 79 S.W. 2d 433 (1935).

This brings us to the allegation that the unanswered request for admissions supplies any deficiency in the complaint. The trial court held that the request for admissions could not be considered because there was no certificate of service attached. On July 2, 1973, the court ruled that

the request for admissions could not be considered by the court for the reason that there was no certificate of service attached to the copy of the request filed in the court. On the date of the ruling there was nothing in the record to show that the request for admissions had been received by the appellee or her attorney. We do find that subsequent to the ruling there was filed a receipt showing that appellee had signed for a registered document from appellant's counsel; however, that evidence came too late because it had already been ruled upon. It is also noted that no copy of the request was delivered to appellee's counsel, notwithstanding he had filed an answer. In fairness, however, to counsel for appellant it should be stated that counsel insisted he never received a copy of the answer. Finally, we note that the request for admissions is not set out in the abstract; we are not obliged to ferret the request out of the transcript.

Affirmed.