# Billy G. SANDERS v. ARKANSAS-MISSOURI POWER COMPANY

CA 79-173          593 S.W. 2d 56

Opinion delivered January 9, 1980
Released for publication January 30, 1980

*Duncan & Davis,* for appellant.

*Reid, Burge & Prevallet,* for appellee.

DAVID NEWBERN, Judge. The appellant was seriously injured when he came in contact with a "hot" electric line while working as a lineman for the appellee. In his complaint the appellant alleged the appellee's agents promised he would receive full pay and benefits until he could return to work in exchange for his promise to return to work when able. He further alleged that in reliance on the appellee's promise and their performance of it for some eighteen

months he built a new home with special wheelchair accommodations. In addition he alleged he was entitled to recover on theories of gift and contract implied in fact. These were alleged as alternative theories to his allegation of breach of the express agreement. In his prayer for relief, the appellant alleged he was totally and permanently disabled and thus was entitled to $675,000, presumably the present value of payments he could expect to receive from the appellee for the remainder of his "working life."

The circuit court sustained a demurrer and dismissed the complaint. The findings stated in the dismissal order were:

1. The Workers' Compensation Act or claim is not plaintiff's exclusive remedy and therefore not a bar to this action.

2. The allegations of the Complaint do not establish valid consideration for a binding or enforceable contract; said allegations do not establish a third party beneficiary relationship; nor do they constitute a valid enforceable gift.

3. Plaintiff's Complaint, therefore, does not state facts sufficient to constitute a cause of action; therefore, Defendant's Demurrer and Motion To Dismiss should be granted.

Although there had been some discovery activity which became part of the record in this case, the court's order clearly was based on the inadequacy of the complaint, and we limit our decision to the propriety of that order.

## 1. Gift.

The complaint was not sufficient to state a cause of action based upon a gift theory. Although it states there was a "delivery," such a statement is conclusory only. No facts are stated showing a delivery of that which the appellant claims. A complaint which does not state facts constituting

every element of a cause of action is demurrable.[1] *Vandevier v. Chapman,* 255 Ark. 1039, 505 S.W. 2d 495 (1974); *Wood v. Drainage Dist. No. 2 of Conway County,* 110 Ark. 416, 161 S.W. 1057 (1913).

## 2. Contract Implied in Fact

We find no need to discuss at length the paragraph of the complaint which alleges a contract implied in fact, as the allegations of express contract deal with the same exchange of promises we presume the appellant would have us infer from the conduct of the parties.

## 3. Mutual Promises

In evaluating the complaint, we must assume, as alleged by the appellant, that agents of the appellee promised the appellant he would be paid his full salary and company benefits until he was medically able to return to work. In exchange for that promise, the appellant alleges he promised to resume "a position of employment as soon as medically possible." We recognize that a promise to hold oneself available to resume work has been held sufficient to constitute consideration for an agreement to pay a monthly salary for life. *Abbott v. Arkansas Utilities Co.,* 165 F. 2d 339 (8th Cir. 1948). We agree with the holding in that case, although it was one based on the "general law" because no Arkansas Supreme Court case on the point could be found by the Court of Appeals. There, however, the complaint being evaluated contained no indication the plaintiff-employee was incapacitated in any way from performing should the need arise. He had retired from regular employment with the defendant and had agreed to be available for work on call in exchange for a regular reduced salary.

In the case before us, however, the appellant has pleaded total and permanent disability, and it becomes obvious he has made a promise it is impossible for him to perform. We cannot say this complaint states a cause of action

---

[1]The order dismissing this complaint was filed before the new Arkansas Rules of Civil Procedure, supplanting Ark. Stat. Ann. §§ 27-1113 and 27-1115 (Repl. 1962), came into effect.

for breach of contract based on mutual promises where it alleges one of the promises is impossible of performance. We cannot countenance the appellant's statement he is "holding himself ready" to perform when in the next breath he alleges his inability to do so. These statements cancel each other and make the appellant's alleged promise illusory at best.

At the time the alleged promise to pay was made by the appellee and the alleged promise to go back to work when able was made by the appellant, there may have been some doubt as to the appellant's prospective ability to work. The complaint says the appellee paid the appellant's salary for approximately eighteen months and then ceased. The employer was under no obligation to continue this employment agreement when it became clear the appellant would not be able to work again, as admitted in the complaint before us. See, 6 Williston, *Contracts,* § 877, pp. 350-357 (3d Ed. 1962).

### 4. Detrimental Reliance or Promissory Estoppel

Perhaps the broadest statement of the doctrine of detrimental reliance or promissory estoppel is that found in 1 Corbin, *Contracts,* § 119, p. 515 (1963):

> . . . [I]f a promisee acts in such reasonable reliance upon a promise, that promise may be held enforceable even though the promisor did not in fact know of such action and so did not regard it as consideration or as anything else. Even the promisee who acts in reliance may not regard his action as any reason for enforcing the promise; he may perform the action because he believes the promise will be kept without the necessity of any enforcement.

That language seems to indicate that as long as the action in reliance on a promise is reasonable it matters not that the action taken was not directly induced by the promise sought to be enforced. We recognize this, however, as a problem of semantics. We prefer to state the problem as one of applying an objective standard in determining the reasonableness of an act in reliance.

We do not propose here to enter, other than lightly, the further semantic struggle between the doctrines of detrimental reliance and promissory estoppel. The Arkansas Supreme Court examined the history and the broad bases of the promissory estoppel doctrine in *Peoples National Bank of Little Rock* v. *Linebarger Construction Co.,* 219 Ark. 11, 240 S.W. 2d 12 (1951). There the plaintiff had loaned money, at the behest of a contractor, to one of the latter's subcontractors in reliance upon a promise of the contractor to repay the amount of the loan. This was part of a continuing arrangement whereby each week the contractor would tell the Bank the approximate amount of the subcontractor's payroll, and the Bank would make that amount available to the subcontractor with the contractor's guarantee of repayment. The amount thus loaned on the occasion which gave rise to the lawsuit was $16,000. The contractor was held liable to repay the bank, but only to the extent of $11,996.07. The court said, "[i]f special circumstances had not indicated a particular purpose for the use of the money, then the estoppel might well have extended to the full amount stated in the representation. [219 Ark. at 19]" Thus, the court held the contractor was not "estopped" with respect to his entire promise although he might have been but for the "special circumstances." At least the case makes it clear that some such doctrine has been applied, and apparently consistently so, in Arkansas over the years. We tend to agree with the author of the note on that case at 30 Texas L. Rev. 903 (1952), that the term "estoppel" is not very accurately used there, although we cannot say whether there would have been a different result or even different considerations had the concept of detrimental reliance sufficient to warrant enforcement been used instead.

We hold the complaint before us stated facts sufficient to state a cause of action in that the appellant alleged he had built a new home especially equipped for a wheelchair user in reliance on the promise of the appellee. Of course, the appellant will have to prove to the trier of fact that his action was indeed based upon that reliance and that it was reasonable, but we find it sufficiently stated.

Although we recognize we should not apply the new

rules of pleading, recently adopted in Arkansas, we find even the old, more formal pleading code must be applied with some reference to the reasons behind it. Here there is no doubt the complaint is sufficient to let the court and the appellee know the precise nature of the appellant's claim of an enforceable promise based on detrimental reliance. The defendant-appellee will have no trouble drafting an answer which sufficiently defines issues for the court's resolution.

Reversed and remanded.

HAYS, J., dissents.