RALSTON PURINA COMPANY d/b/a
ARKAVALLEY FARMS *v.* Billy O. McCOLLUM

CA 80-365                                          611 S.W. 2d 201

Court of Appeals of Arkansas
Opinion delivered February 4, 1981

*Brazil & Roberts*, for appellant.

*Henry & Graddy*, for appellee.

JAMES R. COOPER, Judge. This case involves a suit which was originally filed in Chancery Court of Faulkner County, Arkansas on March 8, 1977, seeking an order directing appellant to specifically perform a contract between appellant and appellee. The complaint alleged an oral agreement to purchase silage for the sum of $19.50 per ton for all of the silage produced on 500 acres which was to be leased by appellee. The complaint alleged that these transactions took place in September of 1976. On or about January 10, 1977, it is alleged that appellant notified appellee that it would not purchase any silage produced by appellee in excess of 6,000 tons and that the price it would pay would be limited to $18.50 per ton. The prayer for relief asked for an order requiring appellant to specifically perform the contract, and in the alternative for damages in the amount of $47,000.00 representing the lease payment due on the 500 acres, interest due to the Central Arkansas Production Credit Association for the money borrowed to perform the contract, loss of profits, punitive damages, plus attorney's fees and costs.

The appellant demurred and alleged that the complaint failed to state a cause of action in that the alleged agreement

was oral, involved over $500.00, and there was no allegation of substantial performance. An amended complaint was filed alleging partial performance. On April 12, 1977, the Chancery Court sustained the demurrer and transferred the cause of action to the Circuit Court of Faulkner County. An amended complaint was filed April 30, 1978, which alleged that the appellee suffered damages because of his detrimental reliance on the oral agreement. He alleged that he had first entered into a lease for 500 acres and later obtained a loan from Central Arkansas Production Credit Association to fund the expenses of growing and harvesting the silage; that in an effort to mitigate damages he planted soybeans in the year 1977 and suffered a loss in excess of $40,000.00. He further alleged that he could have realized a profit of over $84,000.00 had the appellant not breached his contract. The jury returned a verdict in favor of appellee in the amount of $50,000.00. From that verdict and judgment comes this appeal.

The sole issue raised on appeal by appellant is that the trial court erred in not granting a directed verdict moved for by appellant at the close of appellee's case.

The test as to whether a trial court may direct a verdict without abusing its discretion has been clearly stated by this Court. The evidence and all reasonable inferences deducible therefrom must be viewed in the light most favorable to the party against whom the verdict is directed, and if there is any conflict of evidence or the evidence is not in dispute but is in such a state that fair-minded men might draw a different conclusion therefrom, a jury question is presented. *Williams* v. *Curtis*, 256 Ark. 237, 506 S.W. 2d 563 (1974); *Moore Ford Co.* v. *Smith*, 270 Ark. 340, 604 S.W. 2d 943 (1980).

At the time the motion for a directed verdict was made there had been testimony by appellee that discussions were had between appellee and appellant regarding the silage contract in September of 1976; that appellant agreed that he would rent 500 acres from Mr. Brown; that he would plant and double cut silage on that acreage in 1977; and that he would be paid $19.50 per ton. He testified that he left the meeting with the understanding that he had a 500 acre contract for $19.50 per ton. He testified further that on October

7, 1976, he signed a lease with Mr. Brown requiring rental payments of $47,000.00 for 500 acres and that he made a down payment of $5,000.00. He testified that he advised the manager of appellant's farm that he had leased the 500 acres within 2 or 3 days after he had signed the lease. He testified that on December 1, 1976, he applied to the Central Arkansas Production Credit Association for a loan for operating money in the amount of $108,000.00 which was approved December 13, 1976. He further testified that in the normal course of dealings with appellant over the previous 6 years he had borrowed money to operate his farming operations shortly after he had reached an oral agreement with the company and that this oral agreement was followed by a written contract at the convenience of the appellants, usually some months later. Mr. Ray Trafford testified that his written contract with appellant was drawn and signed after purchasing equipment for the production of silage. Mr. Bob Williams, a former partner of appellee, testified that the meeting relating to the growing of silage for 1977, between appellee and appellant's manager did take place and that an agreement was reached as to the farming of the 500 acres to be leased from Mr. Brown.

Ark. Stat. Ann. § 85-2-201 (Add. 1961) states in pertinent part:

.... a contract for the sale of goods for the price of $500 or more is not enforceable by way of action or defense unless there is some writing sufficient to indicate that a contract for sale has been made between the parties and signed by the party against whom enforcement is sought. . . .

Ark. Stat. Ann. § 85-2-105 (Add. 1961) defines goods as including growing crops.

Thus the statute of frauds applies in this case unless an exception would prevent its application. Appellee urges that appellant is estopped from asserting the statute of frauds.

The doctrine of promissory estoppel is applicable to transactions covered by the Uniform Commercial Code. The

Code states that the principles of law and equity, including estoppel, supplement the U.C.C. unless displaced by a particular provision (Ark. Stat. Ann. § 85-1-103 (Add. 1961)). Thus the doctrine of promissory estoppel may be asserted by one party to an oral contract for the sale of goods, to prevent the other party from asserting the defense of the statute of frauds.

A promise is binding if an injustice can be avoided only by enforcing the promise, if the promissor should reasonably expect to induce action or forbearance of a definite and substantial character by the promissee, and if that action is induced. *Reynolds* v. *Texarkana Constr. Co.*, 237 Ark. 583, 374 S.W. 2d 818 (1964); *Sanders* v. *Arkansas-Missouri Power Co.*, 267 Ark. 1009, 593 S.W. 2d 56 (Ark. App. 1980).

In this case, we hold that the trial court correctly denied the motion for directed verdict because appellant was estopped to assert the statute of fraud. Appellee, in his case in chief showed reliance on the oral agreement reached between himself and Deavers, manager of appellant's farm. The reliance was proved by his lease of the 500 acres from Mr. Brown, the payment of $5,000.00 down on rent, and his loan from Central Arkansas Production Credit. The substance of the agreement with Deavers was substantiated by Williams. Further, the past dealings between Williams, appellee, and appellant were consistent with the oral agreemet alleged hree, and appellee was entitled to rely on his past dealings with appellant.

Based on the evidence produced during appellee's case in chief, viewing all the evidence and inferences in the light most favorable to appellee, and considering any conflicts in the evidence, we find that fair-minded men might draw different conclusions from the evidence produced at that point, and that therefore the case was properly submitted to the jury.

Affirmed.

CORBIN, J., not participating.