## WESTERN AUTO SUPPLY COMPANY v. BANK OF IMBODEN

CA 85-128                                        701 S.W.2d 394

Court of Appeals of Arkansas
Division II
Opinion delivered January 8, 1985

*Barrett, Wheatley, Smith & Deacon*, for appellant.

*Ponder & Jarboe*, for appellee.

LAWSON CLONINGER, Judge. Appellant, Western Auto Supply Company, and appellee, Bank of Imboden, both had security interests in the proceeds, fixtures, and inventory of an associate Western Auto store in Walnut Ridge owned by Ken Welsh. After Mr. Welsh held a "going out of business sale" he turned the proceeds from the sale over to appellee. Appellant filed suit, claiming that its security interest was filed before appellee's and that appellant had priority. At trial the only issue was whether appellant had agreed to subordinate its position to appellee. The trial court found in favor of the bank. For its appeal appellant argues that the trial court erred since its security interest was perfected and filed more than four years before appellee's was perfected and filed, that any defense based on contract, agreement or estoppel is unavailable to appellee since it did not affirmatively plead those defenses, and that as a matter of law, appellant would not be subordinated until the indebtedness of Ken Welsh to it was fully paid. We disagree and affirm the finding of the trial court. We note at this point that appellant cites no authority for its position, and its arguments are not persuasive. *See Davis v. State*, 12 Ark. App. 79, 670 S.W.2d 472 (1984).

When Ken Walsh opened his Western Auto store, appellant

financed the operation and had a security interest covering the equipment, fixtures and inventory then owned or thereafter acquired, and the proceeds therefrom. In the fall of 1970, Mr. Welsh was in financial trouble and approached appellee bank about a loan. Appellee agreed to arrange a loan through the Small Business Administration (SBA). Appellee told Mr. Welsh that the only way the SBA would approve the loan would be for appellant to subordinate its position in the security interests it held. A meeting was held at the bank which was attended by Jack Lewis, a division credit manager for appellant at the time, Mr. Welsh and Steve Jones, President of appellee bank.

Shortly after the meeting, appellee loaned Mr. Welsh $40,000.00. The testimony regarding the result of that meeting is in conflict. Mr. Welsh and Mr. Jones both testified that Mr. Lewis agreed to the subordination upon payment of the current debts due appellant. Mr. Lewis testified that although the subordination was discussed, a decision was not reached.

Appellee argues that an oral agreement to subordinate was reached. The evidence supports this. The evidence indicates that $34,000 of the proceeds of the loan was paid to appellant for Mr. Welsh's currently due inventory and installment debts. It was to appellant's advantage that this loan be made, so that Mr. Welsh could continue in business. The evidence supports the conclusion that both appellant and appellee knew that the SBA would not approve the loan unless appellant subordinated its position. A letter was sent from appellant to Mr. Welsh that indicated that as soon as the attached agreement had been signed, appellant would "amend their filing to give Bank first position."

An agreement between parties does not need to be reduced to writing in order to be enforceable, as long as the contract does not fall into one of the classes of contracts in the statute of frauds, Ark. Stat. Ann. § 38-101 et seq. (Repl. 1962). *Hunter v. Ward*, 476 F.Supp. 913 (E.D. Ark., 1979). Where the testimony is in conflict on the issue of whether the parties agreed, a fact question arises that is to be determined by the trial judge. The appellate court cannot reverse on this factual issue as long as there is evidence to support the trial court's finding and the finding is not clearly against the preponderance of the evidence. *Hunt v. McIlroy Bk. & Tr.*, 2 Ark. App. 87, 616 S.W.2d 759 (1981).

■ ·For its second argument, appellant states that any defense based upon contract, agreement, or estoppel is not available to appellee as these were not pleaded as affirmative defenses. However, appellant did not object to appellee using this defense at trial. At the opening of the trial, the judge asked the parties if it was agreed that the only issue was whether the appellant had agreed to subordinate its position. Appellant replied that that was its understanding. The whole trial concerned this single issue. Appellant cannot now raise this issue on appeal, since he did not make a timely objection. See ARCP, Rule 15(b).

■ Appellant finally argues that as a matter of law, its position would not be subordinated until Mr. Welsh's debt had been paid in full. As noted earlier, appellant does not cite any statutory or case law. Appellant does restate a writing that was introduced into evidence at trial that is not signed by appellant. Appellant had previously questioned the effectiveness of this writing since the bank's seal was not on it. Assignments of error by counsel in briefs unsupported by convincing argument or authority will not be considered on appeal unless it is apparent without further research that the assignments of error are well taken. *Davis* v. *State, supra.*

Affirmed.

CRACRAFT, C.J., and COOPER, J., agree.