## COUNTRY CORNER FOOD AND DRUG, INC.
### *v.* Robert L. REISS

CA 87-141                                    737 S.W.2d 672

Court of Appeals of Arkansas
Division I
Opinion delivered October 21, 1987

*Larry E. Graddy*, for appellant.

*Matthew W. Adlong*, for appellee.

BETH GLADDEN COULSON, Judge. Appellant, Country Corner Food and Drug, Inc., appeals a decision of the Faulkner County Circuit Court awarding judgment to appellee, Robert L. Reiss, for breach of an agreement to provide family health insurance coverage pursuant to an oral employment contract. We affirm.

In October, 1985, appellee quit his job and moved his family from Kansas in order to begin work for appellant in Greenbrier, Arkansas, as a meat-cutter. At the time that appellee began work for appellant, appellee's wife was pregnant; health insurance coverage for the pregnancy and birth was discussed, as well as

coverage for the entire family, including the child, after its birth. The contract of employment between the parties was never reduced to writing and was of indefinite duration. Appellee's baby was born in January of 1986 and was returned to the hospital within a few weeks for respiratory problems. The expenses incurred as a result of the infant's hospitalization were not covered by insurance, and appellant fired appellee after appellee requested that appellant assume responsibility for the medical bills. Thereafter, appellee sued appellant for breach of contract and requested that appellant be required to pay the amount of the baby's medical expenses.

In his complaint, appellee asserted detrimental reliance on appellant's promises to provide medical insurance for appellee and his family. In its answer, appellant countered that the contract violated the statute of frauds because it was not in writing. After a trial, the circuit court rendered judgment for appellee. In its findings of fact, the circuit court found that the parties entered into an employment contract whereby appellant agreed to provide medical/hospitalization insurance for appellee, his wife, and his child to be, and that no such insurance coverage was perfected. The trial judge also held that substantial part performance removed the contract from the statute of frauds. On appeal, appellant asserts that the trial court erred in refusing to find the contract violated the statute of frauds and that there is insufficient evidence to support the trial court's findings of fact. We disagree with appellant on both points.

■■ Appellant is correct in stating that part performance does not remove an oral contract of employment from the statute of frauds. It has long been held that partial performance of a contract for personal services does not take a verbal contract out of the operation of the statute of frauds except for that part which was performed. *Swafford* v. *Sealtest Foods Division of National Dairy Products Corp.*, 252 Ark. 1182, 483 S.W.2d 202 (1972); *Oak Leaf Mill Co.* v. *Cooper*, 103 Ark. 79, 146 S.W. 130 (1912). *See also Harris* v. *Arkansas Book Co.*, 287 Ark. 353, 700 S.W.2d 41 (1985). This is not determinative, however, of the outcome here, for we find that the employment contract in question does not violate the statute of frauds for other reasons. We do not reverse the trial judge if he reached the right result, even though he gave an erroneous reason. *Worthen Bank & Trust Co.* v.

*Adair*, 15 Ark. App. 144, 690 S.W.2d 727 (1985); *White* v. *Gladden*, 6 Ark. App. 299, 641 S.W.2d 738 (1982).

Clearly, the employment contract in question was terminable at will by either party because appellee was not bound to serve for a specified period of time. *Proctor* v. *East Central Arkansas EOC*, 291 Ark. 265, 724 S.W.2d 163 (1987). Because the contract was terminable at will by either party and was for an indefinite duration, it did not run afoul of the statute of frauds. *See* Ark. Stat. Ann. § 38-101 (Repl. 1962). "Contracts of employment, beginning in praesenti, and of indefinite duration generally, are held not to be obnoxious to the statute, since they are susceptible of performance within the year from the time of their inception." 72 Am. Jur. 2d *Statute of Frauds*, 11 (1974).

> Ordinarily, it is only oral agreements which *cannot* be performed within the year that are unenforceable under the provision of the statute regarding contracts not to be performed within a year. It is the generally accepted rule that to bring a contract within the operation of this provision of the statute, there must be an express and specific agreement not to be performed within such period, for if there is possibility of performance within a year, the agreement is not within the statute.

*Id.* at 9.

In *Meyer* v. *Roberts*, 46 Ark. 80 (1885), the Arkansas Supreme Court noted that the statute of frauds applies only to agreements which appear from their terms to be incapable of performance within one year. *See also Halsell* v. *Kimberly-Clark Corp.*, 518 F. Supp. 694 (E.D. Ark. 1981), *aff'd*, 683 F.2d 285 (8th Cir. 1982), *cert. den'd*, 459 U.S. 1205 (1983). Accordingly, we hold that the statute of frauds was not applicable to the contract in question because it was for an indefinite duration and was terminable at the will of either party; hence, the possibility existed that the contract could be performed within one year of its inception.

Even if the statute of frauds were applicable to the employment contract in question, the evidence presented below reveals sufficient detrimental reliance on the part of appellee to take the contract out of the operation of the statute of frauds.

"Where one has acted to his detriment solely in reliance on an oral agreement, an estoppel may be raised to defeat the defense of the statute of frauds." 73 Am. Jur. 2d *Statute of Frauds*, 565 (1974). "An estoppel may be raised to defeat the defense of the statute of frauds although there is no fraud in the inception of the contract." *Id.* at 567. Additionally, we have held that estoppel may prevent the application of the statute of frauds. In *Ralston Purina Co.* v. *McCollum*, 271 Ark. 840, 611 S.W.2d 201 (Ark. App. 1981), we stated:

> A promise is binding if an injustice can be avoided only by enforcing the promise, if the promissor [sic] should reasonably expect to induce action or forbearance of a definite and substantial character by the promissee [sic], and if that action is induced.

*Id.* at 844.

Here, appellee testified that, in reliance upon appellant's promises of employment and benefits, including health insurance coverage for the pregnancy and birth, as well as family health insurance coverage following the child's birth, appellee quit his job, giving up the benefits attendant thereto, and moved his family to Greenbrier, Arkansas. This is sufficient detrimental reliance to remove the employment contract from the operation of the statute of frauds.

Even if the contract of employment in question had been within the statute of frauds, appellant would still be liable for the compensation due. In *Swafford, supra*, the Arkansas Supreme Court explained:

> While it is true that an oral contract for personal services in excess of one year is void, and that part performance will not remove such contract from the operation of the statute of frauds, it is also true that the employer will be liable for whatever service was rendered.

252 Ark. at 1187. According to appellee, family health insurance coverage was part of the total compensation promised him by appellant in exchange for appellee's services. In Arkansas, it has been held that the terms of the oral contract may be shown as evidence of the amount to be recovered in such instances. *Walker* v. *Shackelford*, 49 Ark. 503, 5 S.W. 887 (1887). Accordingly, we

find no error in appellee's recovery of the amount needed to reimburse him for the infant's hospitalization expenses, because family health insurance coverage was part of the compensation promised appellee by appellant.

Appellant contends that the evidence is insufficient to support the trial court's findings, arguing that appellee failed to prove the existence and breach of a contract and damages for the alleged breach. When the testimony is in conflict on the issue of whether the parties agreed, a fact question arises that is to be determined by the trial judge. *Western Auto Supply Co. v. Bank of Imboden*, 17 Ark. App. 4, 701 S.W.2d 394 (1985). We do not reverse on a factual issue as long as there is evidence to support the trial court's finding and the finding is not clearly against the preponderance of the evidence. *Id.*

Appellee testified that appellant promised to pay him $400.00 per week, vacations and holidays, and family insurance coverage. According to appellee, appellant also promised to pay for the conversion of appellee's prior insurance with Pilot Life in order to cover the pregnancy and birth of the child. The evidence demonstrates that appellant did comply with this promise. Appellee also testified that, in addition to the conversion premium, appellant paid him for the $900.00 representing the balance of the pregnancy and birth expenses that were not covered by the conversion plan. Appellee testified that appellant promised that insurance would be provided for the baby after its birth under a new family health insurance policy and that, prior to the baby's birth, two application forms were sent in for the family coverage. The first form was rejected because it was the wrong form; the second form was rejected because it was not sent in to the company on time. Appellee sent the third form in on the same day the baby was put into the hospital, but coverage was denied on that application because of the pre-existing condition exclusion. According to appellee, the mix-up was caused by appellant. Appellant disputed this and placed the blame upon appellee. Appellant admitted that he promised appellee that it would provide appellee with a family medical policy similar to appellant's.

Appellant argues that there was no meeting of the minds because appellee's compensation was to be $350.00 per week

instead of the $400.00 to which appellee testified and because appellee's policy through his prior job would not have covered the baby after its birth anyway. Appellee disputed this assertion. This dispute, however, is not determinative of whether a contract was reached. "The underlying purpose in awarding damages for breach of contract is to place the injured party in as good a position as he would have been in had the contract been performed." *Beardsley* v. *Pennino*, 19 Ark. App. 123, 127, 717 S.W.2d 825 (1986). Regardless of whether appellee's Pilot Life policy provided coverage for the baby after its birth, there can be no question that appellant promised to provide appellee with family health insurance coverage for the baby after its birth; appellant's actions and his admissions at trial clearly support this conclusion. It is also clear that this coverage was not perfected and that the agreement was thereby breached.

We also reject appellant's claim that appellee failed to prove damages. Appellant offered testimony about the amount of medical bills incurred as a result of the hospitalization of the infant following its birth. Appellant had promised to provide appellee with insurance coverage for such expenses. Accordingly, we cannot say that the circuit judge's findings were clearly erroneous or clearly against the preponderance of the evidence.

Affirmed.

CORBIN, C.J., and JENNINGS, J., agree.