**Paul PUCKETT, Appellant,**

v.

**Sandy COOK, Darrell Carter, Sanyo Manufacturing Corp., Appellees.**

No. 88–1656.

United States Court of Appeals,
Eighth Circuit.

Submitted Nov. 15, 1988.

Decided Jan. 3, 1989.

Keith Blackman, Jonesboro, Ark., for appellant.

Donna S. Galchus & Charles W. Reynolds, Little Rock, Ark., for appellees.

Before McMILLIAN, JOHN R.
GIBSON and MAGILL, Circuit Judges.

McMILLIAN, Circuit Judge.

Paul Puckett appeals from the final order of the District Court[1] for the Eastern District of Arkansas granting appellees' motion for summary judgment on Puckett's state claims arising out of his termination of employment from appellee Sanyo Manufacturing Corporation (Sanyo). For reversal, Puckett argues that the magistrate abused his discretion in exercising pendent jurisdiction over the state claims; alternatively, Puckett argues that summary judgment was improper because of existing issues of material fact, the magistrate's misapplication of the law, and the pendency of a discovery motion. For the reasons discussed below, we affirm.

On April 14, 1982, Puckett commenced employment as an industrial engineer with Sanyo. After Puckett confronted management with what he perceived to be kickback and bid-rigging schemes and made it clear that he would not participate in them, appellee Sandy Cook was allegedly promoted ahead of him and made his immediate supervisor. According to Puckett, Cook and appellee Darrell Carter, a vice president at Sanyo, were involved in these alleged schemes and conspired to force Puckett's resignation because he refused to go along with them. Puckett claims that appellees demoted him, denied him raises, and gave him a defamatory work-performance evaluation that left him no alternative but to resign, which he did on June 5, 1985.

Thereafter, Puckett filed a request for unemployment benefits with the Arkansas Employment Security Division (AESD), which was denied on the ground that he had voluntarily quit his job without good cause. On appeal, this decision was affirmed by the Arkansas Court of Appeals.

*Puckett v. Director*, No. E85–136 (Ark.Ct. App. Apr. 9, 1986).

Puckett then filed suit against appellees in state court alleging wrongful termination, defamation, constructive discharge, and outrage. He later amended his petition to allege deprivation of his fifth amendment due process rights, as well as bid-rigging in violation of federal antitrust laws and the Racketeer Influenced and Corrupt Organizations Act, 18 U.S.C. §§ 1961–1968 (RICO). Based on the federal claims, appellees removed the case to federal district court.

The magistrate granted appellees' motion for summary judgment on all federal claims, concluding (1) Puckett's due process claim was meritless because he did not allege government involvement; (2) his RICO claim was insufficiently pleaded to state, a cause of action; and (3) he lacked standing to assert the antitrust claim. The magistrate also entered summary judgment in favor of appellees on all state claims. Specifically, the magistrate held (1) Puckett was collaterally estopped from pursuing his constructive discharge claim in federal court because the AESD and Arkansas Court of Appeals determined that he had voluntarily terminated his employment; (2) his contractual wrongful termination claim was barred by the statute of frauds; (3) his defamation claim was meritless because no publication occurred; and (4) he failed to state a cause of action for outrage under Arkansas law.

In this timely appeal which followed, Puckett "denies" that the magistrate properly dismissed his federal claims and argues that even if he did, the magistrate erred in ruling on the motion for summary judgment because discovery was not complete. He further argues that the magistrate had abused his discretion in exercising pendent jurisdiction.[2] On the merits of

---

1. The Honorable John J. Forster, Jr., United States Magistrate for the Eastern District of Arkansas. The case was presented to the magistrate for final disposition pursuant to 28 U.S.C. § 636.

2. To the extent that Puckett is challenging the magistrate's dismissal of his federal claims, he

has "fail[ed] to demonstrate precisely and with reference to the record *why* the findings * * * are clearly wrong," and this court will not search the record for error relative to these claims. *McDowell v. Safeway Stores*, 753 F.2d 716, 717 (8th Cir.1985).

the pendent claims, Puckett argues that (1) he was not collaterally estopped from asserting a constructive discharge claim; (2) he fell within the Arkansas public policy exception to the at-will employment doctrine, and Sanyo breached the implied and stated policies of good faith and fair dealing; (3) his contractual wrongful termination claim was not barred by the statute of frauds; (4) employer privilege did not defeat his defamation claim because some statements were made with malice; and (5) his deposition testimony that he suffered emotional distress, sleeplessness, and a nervous stomach created material fact issues sufficient to preclude summary judgment on his claim for outrage. Finally, he argues that summary judgment was premature, because appellees had not yet complied with Puckett's motion for production of documents.

■ At the outset, we find that Puckett's federal antitrust claim was jurisdictionally substantial, *see Koke v. Stifel, Nicolaus & Co.*, 620 F.2d 1340, 1346 (8th Cir.1980) (claim is insubstantial only if inescapably rendered frivolous by prior decisions), and that the federal and state claims would be expected to be tried together because they arose out of a common nucleus of operative fact, i.e., Puckett's refusal to go along with the alleged bid-rigging scheme. Accordingly, the constitutional prerequisites to the exercise of pendent jurisdiction set forth in *United Mine Workers of America v. Gibbs*, 383 U.S. 715, 725, 86 S.Ct. 1130, 1138, 16 L.Ed.2d 218 (1966), were satisfied.

The exercise of pendent jurisdiction is dependent upon considerations of judicial economy, and convenience and fairness to litigants, *see id.*, 383 U.S. at 726, 86 S.Ct. at 1139, including "the difficulty of the state claim, the amount of judicial time and energy already invested in it, the amount of additional time and energy necessary for

its resolution, and the availability of a state forum." *Koke*, 620 F.2d at 1346.

In *Koke*, 620 F.2d at 1345–46, this court considered the above-stated factors in an appeal from a summary judgment dismissing a complaint alleging federal and state law causes of action. While affirming the dismissal of the federal claims, we vacated the ruling on the state claim and remanded with instructions to dismiss without prejudice. Specifically, we stated that although not determinative, "the 'early dismissal of the federal claim is one factor tending to support dismissal of the state claim as well.'" *Id.* at 1346 (quoting *Kuhn v. National Ass'n of Letter Carriers*, 528 F.2d 767, 771 n. 6 (8th Cir.1976)). With regard to the case at bar and upon consideration of the relevant factors, we conclude that the magistrate's failure to remand the state claims to state court does not warrant reversal at this stage. *See Hartman v. Hallmark Cards*, 833 F.2d 117, 121 (8th Cir.1987) (abuse of discretion standard of review). Thus, we will address the merits of the pendent claims.

■ As to Puckett's wrongful discharge claims, we hold that summary judgment was proper, because the Arkansas Court of Appeals's affirmance of the agency decision that Puckett voluntarily quit his job without good cause precluded further litigation of these claims.[3] *See Gahr v. Trammel*, 796 F.2d 1063, 1066 (8th Cir. 1986).

■ A defamatory statement is not actionable under Arkansas law unless there is an abuse of privilege or communication to a non-privileged third party. *See Braman v. Walthall*, 215 Ark. 582, 589, 225 S.W.2d 342, 346–47 (1949). Arkansas law recognizes a qualified privilege for employers and supervisory employees. *See Ikani v. Bennett*, 284 Ark. 409, 411, 682 S.W.2d 747, 748–49 (1985). Upon review of the

---

3. The magistrate may have erroneously determined that Puckett's contractual wrongful discharge claim was barred by the statute of frauds, as we find no record evidence that Puckett's at-will employment agreement was of a definite duration. *See Country Corner Food and Drug, Inc. v. Reiss*, 22 Ark.App. 222, 225, 737

S.W.2d 672, 673 (1987) (statute of frauds does not apply to oral at-will employment contracts of indefinite duration). Nevertheless, there is no need to remand, because the Arkansas law of claim preclusion forecloses litigation of this claim.

record, we find no material issue of fact relative to appellees' alleged abuse of privilege, and we note that Puckett's own deposition testimony confirmed the lack of publication or communication to anyone outside of Sanyo management. Thus, we hold that the magistrate properly granted summary judgment on Puckett's defamation claim.

Under Arkansas law, one is subject to liability for outrage for willfully or wantonly causing severe emotional distress through conduct "so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized society." *M.B.M. Co. v. Counce*, 268 Ark. 269, 280, 596 S.W. 2d 681, 687 (1980). The magistrate properly granted summary judgment on this claim. *See Sterling Drug, Inc. v. Oxford*, 294 Ark. 239, 743 S.W.2d 380, 382–83 (1988) (employer's conduct allegedly designed to force suspected "whistle blower" to resign was insufficient to support jury verdict for outrage); *cf. Counce*, 268 Ark. at 281, 596 S.W.2d at 688 (summary judgment was inappropriate where employer withheld discharged employee's paycheck even after employee successfully passed lie detector test).

Last, under Federal Rule of Civil Procedure 56(f), a party opposing summary judgment may request the court to postpone ruling on the motion until discovery is had. A party invoking the protections of this rule, however, must do so by affirmatively demonstrating why he cannot respond to the motion, and how postponement of a ruling will enable him to rebut the movant's showing of the absence of a genuine issue of fact. *United States v. Light*, 766 F.2d 394, 397–98 (8th Cir.1985) (per curiam). Upon review of the record, we conclude that Puckett did not comply with Rule 56(f).

Accordingly, the district court's judgment is affirmed.