**Darrel BRIGHT; Vernon Davis; David Thornberry, Appellants,**

v.

**STANDARD REGISTER COMPANY, INC., Appellee.**

No. 94–2619.

United States Court of Appeals, Eighth Circuit.

Submitted Sept. 11, 1995.

Decided Sept. 22, 1995.

Raymond N. Niblock, Fayetteville, AR, argued. Appearing on the brief were (Mima C. Wallace and Walter Niblock, Fayetteville, AR, on the brief), for appellants.

Kathryn A. Lamme, Dayton, OH, argued (Sidney P. Davis, Jr., Fayetteville, AR, on the brief), for appellee.

Before WOLLMAN, LOKEN, and MORRIS SHEPPARD ARNOLD, Circuit Judges.

PER CURIAM.

Plaintiffs Darrel Bright, Vernon Davis, and David Thornberry appeal the district court's[1] grant of summary judgment dismissing their claims against Standard Register Company under the Age Discrimination in Employment Act, 29 U.S.C. §§ 621–634. Plaintiffs argue that summary judgment was prematurely granted before the completion of discovery that would have revealed genuine issues of material fact requiring a trial. We affirm.

On June 19, 1992, plaintiffs were terminated as production foremen at Standard's facility in Fayetteville, Arkansas. Nine months after they filed this action, Standard moved for summary judgment and submitted evidence tending to prove (i) that Standard downsized this facility as a result of declining orders; (ii) that prior to June 1992 the plant's total workforce declined from 306 to 264 through attrition and layoffs; (iii) that in June 1992 Standard reduced the number of production foremen from nine to six; (iv) that all nine foremen were qualified and performing satisfactorily and therefore Standard decided to terminate plaintiffs because they were the three least experienced foremen; and (v) that only one of the six remaining foremen was under the age of forty.

In response plaintiffs presented evidence of remarks in the workplace, such as the union president's statement that he "thought that the company planned to get rid of the older people." They argued to the district court that such remarks, plus the retention of the one younger foreman, were sufficient

evidence to withstand summary judgment. Plaintiffs added:

> Additionally, discovery has not yet been completed.... The depositions of the plant manager and the director of personnel have not yet been taken by the plaintiffs.... Such discovery may well effect [sic] the disposition of the issues; therefore, the plaintiffs urge this Court to dismiss the defendant's Motion for Summary Judgment as inappropriate and untimely.

However, plaintiffs did not complete discovery before disposition of Standard's motion, move for a continuance of the motion to permit completion of discovery, nor make any specific showing of the probative value of such additional discovery.

■ On appeal, plaintiffs argue that the district court prematurely granted summary judgment five weeks after Standard's motion was filed and six weeks before the scheduled trial date. We disagree. Plaintiffs had many months to complete discovery before Standard filed its summary judgment motion. After the motion was filed, they neither moved for a discovery continuance nor attempted to complete the desired discovery. Nor did they advise the district court of "the basis for, and probative value of, additional discovery." *Green v. St. Louis Hous. Auth.*, 911 F.2d 65, 69 n. 3 (8th Cir.1990). In these circumstances, the court did not err in ruling on the merits of Standard's motion six weeks prior to trial. *See* Fed.R.Civ.P. 56(f); *Puckett v. Cook*, 864 F.2d 619, 622 (8th Cir.1989).

■■ Turning to the merits, the district court concluded that plaintiffs had failed to satisfy the fourth element of the prima facie showing a plaintiff must make in a reduction-in-force case—that plaintiffs "come forward with an 'additional showing' that age was a factor in their termination[s]." *Hardin v. Hussmann Corp.*, 45 F.3d 262, 264 (8th Cir. 1995), quoting *Bashara v. Black Hills Corp.*, 26 F.3d 820, 823 (8th Cir.1994). Reviewing that conclusion de novo, we agree. A comparison of the ages of the three discharged

---

1. The HONORABLE H. FRANKLIN WATERS, Chief Judge of the United States District Court for the Western District of Arkansas.

plaintiffs with the ages of the remaining foremen weighs heavily against plaintiffs' claim of age discrimination. *See Goetz v. Farm Credit Servs.,* 927 F.2d 398, 405–06 (8th Cir. 1991); *Holley v. Sanyo Mfg., Inc.,* 771 F.2d 1161, 1167 (8th Cir.1985). Plaintiffs totally failed to refute Standard's explanation that it selected the foremen to be terminated based upon seniority in that position, an obviously legitimate, non-discriminatory basis to accomplish a reduction in force. Plaintiffs came forward with only "stray remarks," most of them outdated and all lacking in apparent probative value, suggesting that Standard targeted older workers for termination. On this record, summary judgment was appropriate.

Accordingly, we affirm.