_____

No. 95-2450
_____

George E. Smith,                    *
                                    *
          Appellant,                *
                                    *  Appeal from the United States
     v.                             *  District Court for the
                                    *  District of Minnesota.
Marvin T. Runyon, Jr., P.M.G.,      *
                                    *       [UNPUBLISHED]
          Appellee.                 *


_____

          Submitted:  July 5, 1996

             Filed:  July 12, 1996
_____

Before BEAM, LOKEN, and MORRIS SHEPPARD ARNOLD, Circuit Judges.
_____

PER CURIAM.


     George E. Smith appeals from the district court's[1] grant of summary
judgment to the United States Postal Service (USPS) in his employment
discrimination action.  The district court concluded Smith could not make
out a prima facie case of race discrimination or reprisal as he had not
shown any adverse employment action.  On appeal, Smith argues he should
have been afforded the opportunity to conduct discovery.  We affirm.

     Reviewing de novo, we agree with the district court that Smith failed
to prove he suffered an adverse employment action.  See Landon v. Northwest
Airlines, Inc., 72 F.3d 620, 624 (8th Cir. 1995) (standard of review; prima
facie case for race

_____

          [1]The Honorable Michael James Davis, United States District
Judge for the District of Minnesota, adopting the report and
recommendations of the Honorable J. Earl Cudd, United States
Magistrate Judge for the District of Minnesota.

discrimination); <u>Evans v. Kansas City, Mo. Sch. Dist.</u>, 65 F.3d 98, 100 (8th Cir. 1995) (prima facie case for retaliation claim), <u>cert. denied</u>, 116 S. Ct. 1319 (1996).  We reject Smith's contention that summary judgment was entered prematurely; Smith neither requested a continuance under Federal Rule of Civil Procedure 56(f), nor submitted an affidavit explaining why he needed additional time for discovery.  <u>See</u> Federal Rule of Civil Procedure 56(f); <u>Puckett v. Cook</u>, 864 F.2d 619, 622 (8th Cir. 1989). Moreover, Smith had seven months in which to conduct discovery before USPS moved for summary judgment, and USPS did not move for summary judgment until after the original deadline for discovery had passed.  <u>See</u> <u>Bright v. Standard Register Co.</u>, 66 F.3d 171, 172 (8th Cir. 1995) (per curiam) (summary judgment not premature where plaintiffs had months to complete discovery before motion was filed, and after motion was filed, plaintiffs neither moved for discovery continuance nor attempted to complete desired discovery).

Accordingly, we affirm the judgment of the district court.

A true copy.

Attest:


CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.