_____

Nos. 95-2329/2412
_____

Mark L. Maness,                        *
                                       *
     Cross-Appellant/Appellee,         *
                                       * Appeals from the United States
          v.                           * District Court for the
                                       * Eastern District of Arkansas.
Jimmie Heavrin,                        *
                                       *        [UNPUBLISHED]
     Appellant/Cross-Appellee,         *
                                       *
Fun, Inc.,                             *
                                       *
     Defendant.                        *


_____

               Submitted:  September 20, 1996

                   Filed:  September 24, 1996
_____

Before BEAM, HANSEN, and MORRIS SHEPPARD ARNOLD, Circuit Judges.
_____

PER CURIAM.


     Jimmie Heavrin appeals and Mark Maness cross-appeals from the
district court's[1] judgment following a bench trial in this copyright
infringement action.  We affirm.


     Maness claimed that he owned the copyright to a movie, "Tomorrow
Never Comes" (movie).  He asserted Heavrin, who had financed the movie, had
agreed to pay him 27% of the movie's gross

_____

     [1]The Honorable John F. Forster, United States Magistrate Judge
for the Eastern District of Arkansas, to whom the case was referred
for final disposition by consent of the parties pursuant to 28
U.S.C. § 636(c).

revenues, after deducting initial production costs, but had never done so, thus infringing Maness's copyright and breaching their oral contract. After conducting a bench trial, the district court concluded that Maness was an employee of Heavrin's when the movie was made; that the movie was created within the scope of Maness's employment; and that, under federal copyright law, the movie was a "work made for hire" to which Heavrin owned the copyright. The court further determined that the parties had entered into an oral compensation agreement as Maness alleged and that, according to such agreement, Maness was owed $35,370.

We review the trial court's factual findings for clear error, and its legal conclusions de novo. See Little Rock Sch. Dist. v. Pulaski County Special Sch. Dist., 83 F.3d 1013, 1017 (8th Cir. 1996); Church of God In Christ, Inc. v. Graham, 54 F.3d 522, 525 (8th Cir. 1995); Fed. R. Civ. P. 52(a).

We conclude that the district court's findings are not clearly erroneous, and that, based on those findings, the district court correctly concluded the movie was a "work made for hire." See 17 U.S.C. § 101 ("work made for hire" is "a work prepared by an employee within the scope of his or her employment"); cf. Community for Creative Non-Violence v. Reid, 490 U.S. 730, 751-53 (1989) (under common law agency principles, sculptor was independent contractor and work was not "work made for hire," where sculptor supplied own tools, was in skilled profession, was unsupervised, was retained for less than two months, had absolute freedom of when and how long to work, had total discretion in hiring and paying assistants, sculpting was not regular business of hiring party, and hiring party did not pay payroll or social security taxes, provide benefits, or contribute to unemployment insurance or worker's compensation funds). There was evidence that Maness was paid $200 a week in addition to the compensation he was to receive from gross revenues, and that Heavrin made films and videos as an ongoing sideline, had the right to control the manner and means by which the movie was made, supplied most of the equipment and locations,

and paid others Maness hired to work on the movie. Because of the flexible nature of the definition of employee under the "work made for hire" doctrine, which may include informal, non-salaried employees, <u>Reid</u>, 490 U.S. at 742-43 n.8, 752, the district court's conclusion that Maness was an employee does not conflict with its characterization of the percent-of-gross payment scheme as one common to independent contractors.

Although the district court's characterization of the payment scheme as one common to independent contractors is not supported by the record, the underlying finding that there was a percent-of-gross compensation agreement is; because the court reached this finding after weighing conflicting testimony, this finding of fact is not clearly erroneous. <u>Cf. Anderson v. City of Bessemer City</u>, 470 U.S. 564, 575 (1985) (findings based on credibility determinations may "virtually never" be clear error); <u>Country Corner Food & Drug, Inc. v. Reiss</u>, 737 S.W.2d 672, 674 (Ark. Ct. App. 1987) (under Arkansas law, when testimony on the existence of agreement conflicts, "a fact question arises that is best determined by the trial judge").

A true copy.

Attest:

CLERK, U. S. COURT OF APPEALS, EIGHTH CIRCUIT.

-3-