WOMACK *v.* MANER.

5-1266                                                301 S. W. 2d 438

Opinion delivered April 29, 1957.

*Kenneth Coffelt,* for appellant.

*James C. Cole* and *O. Wendell Hall, Jr.,* for appellee.

SAM ROBINSON, Associate Justice. The complaint in this case alleges: "From time to time, and at various intervals, . . . the plaintiff has paid to the defendant the sum of $1,675 . . . for the consideration of the defendant, as the Judge of the Circuit Court of Saline County giving to the plaintiff whatever protection was necessary to prevent the plaintiff from being prosecuted or suffering punishment in said court for engaging in the unlawful business of gambling in Saline County which the plaintiff was engaged in with the full knowledge, consent and approval of the said defendant as the Judge of said Court. Plaintiff alleged, that the consideration for his paying to the defendant the said sum of money as herein above set forth is void and unlawful and was void and unlawful when said money was paid by him to defendant, . . . Wherefore, plaintiff prays, that he have judgment against the defendant for his cause of action herein stated, in the sum of Sixteen Hundred and Seventy Five Dollars; for his costs herein expended, and for all proper relief."

The defendant demurred to the complaint on the ground that a cause of action is not stated. The demurrer was sustained by the trial court, presided over by a judge on exchange. The plaintiff, Womack, has appealed.

The appellant relies on *Lane* v. *Alexander,* 168 Ark. 700, 271 S. W. 710, as authority for his alleged right to recover. In that case, Alexander filed suit to replevy bonds valued at $20,100. As a defense, Lane alleged that he had won the bonds from Alexander at the gaming table. Chief Justice McCulloch said: "The answer tendered no valid defense, for the statutes of this State expressly authorize the maintenance of an action for the recovery of money or property lost at any game or gaming device or on any bet or wager." Crawford & Moses' Digest, § 4899 (Ark. Stats. § 34-1601).

But, we have no statute authorizing the recovery of money alleged to have been paid as a bribe. It is firmly established that in a situation such as is set out in the complaint the law will not aid either party to the alleged illegal and void contract. According to the allega-

tions in the complaint the parties are *pari delicto,* hence, plaintiff cannot recover.

In *Edwards* v. *Randle,* 63 Ark. 318, 38 S. W. 343, this court said: "The transaction, taken altogether, plainly shows that the sale and purchase of the office of postmaster was the main thing, . . . This court cannot lend its aid to either party in respect to any claim or thing involved in such a contract."

"The general rule is, that where an illegal contract has been made, neither courts of law nor of equity will interpose to grant any relief to the parties, but will leave them where it finds them, if they have been equally cognizant of the illegality." *Shattuck* v. *Watson,* 53 Ark. 147, 13 S. W. 516.

"Where the ground of a promise on one part, or the thing promised to be done on the other part, is unlawful, the courts will not enforce the contract for either party." *Neece* v. *Joseph,* 95 Ark. 552, 129 S. W. 797.

"Any contract, therefore, the consideration of which is to conceal or withhold evidence of a crime or to abstain from the prosecution therefor, is void, . . ." *Goodrum* v. *Merchants & Planters Bank,* 102 Ark. 326, 144 S. W. 198.

In *Patterson et al* v. *Hamilton,* 19 Ky. L. Rp. 825, 42 S. W. 88, it was held that there can be no recovery of money paid as a bribe.

The United States Supreme Court said, in *Clark* v. *United States,* 102 U. S. 322, 26 L. Ed. 181: "Clearly this was bribery, and placed the claimants and the man they corrupted *in pari delicto.* They could not recover back from him the money they paid, . . ."

And, in *United States* v. *Galbreath,* 8 Fed. 2d 360, it was said: "Petitioner therefore was guilty at least of an attempt to commit bribery, if not of that crime itself. It is of course unthinkable that a court of justice will assist in the recovery of property voluntarily surrendered under such circumstances."

Affirmed.