Louis RABALAIAS et ux *v.* Nelson BARNETT, et al

84-209                                    683 S.W.2d 919

Supreme Court of Arkansas
Opinion delivered February 11, 1985

*Spencer, Spencer & Depper, P.A.,* by: *Robert L. Depper, Jr.,* for appellant.

No Response.

DARRELL HICKMAN, Justice. Louis and Kathleen Rabalais sued five named members of the First United Methodist Church in Batesville for breach of contract and for the tort of outrage. On motion by the church members, the trial court dismissed the complaint. On appeal it is argued that the trial court was wrong in four instances.

Two points are meritless. First, no facts at all were alleged regarding the tort of outrage. It was only asserted that the appellees wilfully and wantonly breached the contract with the Rabalaises to repair and rebuild the church organ causing the Rabalaises emotional distress. ARCP Rule 8 requires that a claim for relief shall contain "a statement in ordinary and concise language of facts showing that the pleader is entitled to relief." Rule 12 (b) (6) provides for dismissal of a complaint for "failure to state facts upon which relief can be granted." The two rules must be read together in testing the sufficiency of a complaint; *facts*, not mere conclusions, must be alleged. *Harvey* v. *Eastman Kodak Co.*, 271 Ark. 783, 610 S.W.2d 582 (1981). Since no facts were alleged regarding the tort, the trial court was right to dismiss the claim. Therefore, we need not reach the question of whether the appellees enjoy charitable immunity from tort actions.[1]

When our rules are applied to the claim for breach of contract, we conclude that the trial court was wrong in dismissing that claim. First, in testing the sufficiency of a complaint on a motion to dismiss, all reasonable inferences must be resolved in favor of the complaint. *Home Ins. Co.* v. *Williams*, 252 Ark. 1012, 482 S.W.2d 626 (1972). Pleadings are to be liberally construed and are sufficient if they advise a defendant of his obligations and allege a breach of them. *Allied Chemical Corp.* v. *Van Buren School Dist.*, 264 Ark. 810, 575 S.W.2d 445 (1979). In order to state a cause of action for breach of contract, "the complaint need only assert the existence of a valid and enforceable contract between the

---

[1]This action was brought as a class action in an attempt to avoid the church's charitable immunity. We do not reach the issue.

plaintiff and defendant, the obligation of defendant thereunder, a violation by the defendant, and damages resulting to plaintiff from the breach." *Williams* v. *Black Lumber Co.,* 275 Ark. 144, 628 S.W.2d 13 (1982).

In their complaint the Rabalaises alleged that they entered into a contract with the appellees on June 30, 1975, to rebuild the church organ. Prior to rebuilding the organ the appellees discontinued the services of the appellants. For their breach of contract the appellants prayed for damages. The appellees moved to dismiss for several reasons, among which was that the contract and notice of termination were not attached as alleged in the complaint. The appellants amended their complaint and attached the contract and letter of termination. Another motion to dismiss stated that the amended complaint referred to a modification of the contract but that no modification was attached. The motion also alleged that Mrs. Rabalais had no cause of action for breach of contract since she did not sign the contract.

The trial court heard testimony only on whether Mrs. Rabalais could be a party to the action for breach of contract.

There was undisputed testimony that Mrs. Rabalais had been an equal partner in the business since 1962, had worked on the restoration of organs, including the one at the appellees' church, and kept the books. The trial court held that she had no cause of action. It also ruled that the complaint should be dismissed because no cause of action for breach of contract was stated since it did not provide the substance of the modification to the contract or allege the specifics of the breach.

Undoubtedly, the trial court was treating the motion to dismiss like a motion to make more definite and certain rather than testing the sufficiency of the complaint as is required by our rules. In this case the complaint stated a cause of action for breach of contract. The Rabalaises did not explain in detail all of the reasons for the disagreement, but that is not required. The appellants should not be denied their right to the claim. Furthermore, the preponderance of the evidence showed that the Rabalaises were partners in

their business and, therefore, Mrs. Rabalais had a right to sue to enforce the contract. See *Smith* v. *Dixon,* 238 Ark. 1018, 386 S.W.2d 244 (1965).

Reversed and remanded.