Barbara J. (Pack) DAVENPORT *v.* Odus J. PACK

CA 90-436                                           812 S.W.2d 487

Court of Appeals of Arkansas
Division I
Opinion delivered June 26, 1991

*G. Randolph Satterfield*, for appellant.

*Randell Templeton*, for appellee.

MELVIN MAYFIELD, Judge. The appellant Barbara J. (Pack) Davenport appeals from the decree of the chancellor who dismissed a motion to enforce a provision of a property settlement agreement contained in the parties' decree of divorce. We reverse and remand.

The parties were divorced on September 8, 1983, by a decree which contained a property settlement agreement dated August 30, 1983. Paragraph V of the agreement provided that "HUS-BAND agrees to provide carpet and wallpaper (to be selected by WIFE) for the house to be purchased by WIFE as her future residence." (Parentheses in the original.) The decree approved the property settlement agreement and also contained a provision stating that the court retained jurisdiction to enter such orders "as may be appropriate in enforcing the terms of this agreement."

On October 25, 1989, appellant filed a "Motion to Enforce Decree" which alleged that on June 1, 1989, appellant purchased her "future residence"; that on August 8, 1989, appellant notified the appellee in writing of her desire for appellee to perform the agreement; and that appellee had failed to do so. Appellant asked that appellee be compelled to perform his contract, or in the alternative, that appellant be awarded judgment in an amount to compensate her for the carpet and wallpaper.

Appellee denied appellant's allegations and pleaded the defenses of laches and the statute of limitations, and accord and satisfaction. By way of counterclaim, appellee alleged appellant was indebted to him in the amount of $100.00 per month for

insurance payments.

A hearing was held on April 2, 1990, and on April 9, 1990, the chancellor entered an order dismissing appellant's motion. The order stated:

> From the motion filed herein, the divorce decree entered on September 8, 1983, including the contractual property settlement contained therein, the answer and counterclaim filed by the defendant and the plaintiff's response thereto and the arguments of counsel, the Court finds that the five (5) year statute of limitation and the doctrine of laches applies to this claim and bars the claim asserted by the plaintiff. The defendant withdraws his counterclaim.

Appellant argues the trial court erred in finding her claim barred by the statute of limitations. She argues that under the terms of the property settlement agreement, appellee's obligation would not arise until some future time, and that appellant's right to enforce the contract for wallpaper and carpet accrued upon the purchase of her "future residence."

Appellant also argues the trial court erred in finding her claim barred by the doctrine of laches because that doctrine is premised upon some detrimental change in position which makes it inequitable to enforce the claim. Appellant argues that the trial court took no testimony, therefore, there was no evidence of inequitable circumstances resulting from delay or detrimental change in appellee's position.

The appellee argues that the burden is on the appellant to bring up a record sufficient to demonstrate error and that where no attempt is made to make a record according to the established procedure contained in Rule 6(d) of the Rules of Appellate Procedure, it is presumed the matters presented in an unrecorded hearing support the findings of the trial court.

We first consider the appellee's argument that we should affirm the order of dismissal because the record on appeal contains no record of a hearing before the trial judge. This argument raises preliminary matters for consideration.

To begin with, we see nothing to indicate that the court's order of dismissal was based upon something that occurred in a

hearing. The trial court's order states that the court's findings were based upon "the motion filed herein, the divorce decree entered on September 8, 1983, including the contractual property settlement contained therein, the answer and counterclaim filed by the defendant and the plaintiff's response thereto and the arguments of counsel." All the matters mentioned as a part of the basis for the court's order are in the record as exhibits to pleadings or in response to a request for production of documents—except the arguments of counsel.

Now, the appellant did file a motion in this (appellate) court stating that the court reporter had advised counsel for appellant that the transcript of record of argument of counsel had been accidently erased by the recording device used by the reporter, and appellant prayed for an "Order Ordering the Trial Court to Assist Counsel in Reconstructing the Record." We denied the motion with the notation "See Rule 6(d) of the Rules of Appellate Procedure." Apparently the appellant did not proceed under Rule 6(d) as nothing further was filed in this court. But we know of nothing in argument by counsel—short of agreement or stipulation—that could have authorized the order of dismissal. The trial court's order does not state that it is entered by "agreement or "stipulation" and the appellee does not even contend that this occurred. As the court said in *Dent* v. *Adkisson*, 184 Ark. 869, 43 S.W.2d 739 (1931), "all that the record justifies us in concluding is that the chancellor heard no testimony." 184 Ark. at 874-75.

Another matter for consideration concerns the procedure followed by the trial court. Appellee's response to the motion filed by appellant pleaded the defenses of laches and limitations and alleged an accord and satisfaction. Rule 12 of the Arkansas Rules of Civil Procedure allows certain defenses to be asserted in a responsive pleading and authorizes a party to move for judgment on the pleadings as to those defenses. However, laches and limitations are affirmative defenses, *see* Ark. R. Civ. P. 8(c), and are not listed as defenses that may be the subject of a motion to dismiss under Rule 12. Even so, it has been held that where this is only a procedural point, the motion to dismiss may be treated as if it were properly raised. *Amos* v. *Amos*, 282 Ark. 532, 669 S.W.2d 200 (1984). Thus, if the defenses of laches and limitations were considered under a Rule 12 motion to dismiss,

there would be no evidence to be reported. But if matters outside the pleadings were presented to and not excluded by the court, Rule 12(c) requires that the motion to dismiss be treated as one for summary judgment and disposed of as provided in Ark. R. Civ. P. 56. Again, under that procedure, no evidence would have been taken. The accord and satisfaction pleaded by appellee is also an affirmative defense under Rule 8(c), *supra*, but, in addition, it is based upon evidence that is in the record by response to a motion to produce. Rule 12(c), *supra*, provides that if, on a motion for judgment on the pleadings, matters outside the pleadings are presented, the motion shall be treated as one for summary judgment; and again, there would be no evidence to be taken by the court reporter. *See also Guthrie* v. *Tyson Foods*, 285 Ark. 95, 685 S.W.2d 164 (1985).

██ The net effect of the above discussion is that we do not agree with the appellee's argument that because the record does not contain the record of a hearing before the trial judge, the court's order of dismissal should be affirmed. It is true, as appellee says, that it is presumed that matters presented in a hearing that are not in the record will support the trial court's findings. In *Phillips* v. *Arkansas Real Estate Commission*, 244 Ark. 577, 426 S.W.2d 412 (1968), the court said that where there has been a failure to bring "into" the record "the testimony" presented to the trial court, it will be presumed that the testimony was sufficient to support the trial court's findings. 244 Ark. at 584. But we do not find that there was any testimony presented to the trial court at the hearing on the motion to dismiss in the case at bar. And in *SD Leasing, Inc.* v. *RNF Corporation*, 278 Ark. 530, 647 S.W.2d 447 (1983), the court held that the burden is upon the appellant to bring up a record sufficient to demonstrate that the trial court is in error. We find, however, that the record in this case does demonstrate error.

██ The property settlement, approved by the divorce decree, plainly provided that "HUSBAND agrees to provide carpet and wallpaper (to be selected by the WIFE) for the house to be purchased by WIFE as her future residence." The statute of limitations for a contract runs from the point at which the cause of action accrues rather than from the date of the agreement. *Rice* v. *McKinley*, 267 Ark. 659, 590 S.W.2d 305 (1979). The true test in determining when a cause of action arises or accrues is to

establish the time when the plaintiff could have first maintained the action to a successful conclusion. *Dupree* v. *Twin City Bank*, 300 Ark. 188, 777 S.W.2d 856 (1989). One who relies upon a statute of limitations as a defense to a claim has the burden of proving the full statutory period had run on the claim before an action was commenced. *Broadhead* v. *McEntire*, 19 Ark. App. 259, 720 S.W.2d 313 (1986). In order to prevail on a motion to dismiss the complaint on the basis of limitations, it must be barred on its face. *Dunlap* v. *McCarty*, 284 Ark. 5, 678 S.W.2d 361 (1984). Here, the pleadings and attached exhibits do not show that limitations on the appellant's cause of action could have started to run until the wife purchased her future residence on June 1, 1989. Her motion to enforce the written agreement was filed on October 25, 1989. Clearly, the record shows that the five-year statute of limitations had not run when her motion was filed.

▆▆▆ The doctrine of laches does not apply in cases involving unreasonable delay unless the opposing party has suffered some prejudice as a result of the delay, and does not apply unless some change in position or circumstance makes it inequitable to enforce the claim. *Gordon* v. *Wellman*, 265 Ark. 914, 582 S.W.2d 22 (1979). *See also Briarwood Apartments* v. *Lieblong*, 12 Ark. App. 94, 671 S.W.2d 207 (1984), where we held that laches is a species of estoppel and said:

> These equitable principles are premised on some detrimental change in position made in reliance upon the action or inaction of the other party. The length of time after which inaction constitutes laches is a question to be answered in the light of the facts presented in each individual case.

12 Ark. App. at 100.

▆▆▆ Although the trial court did not base its decision on the defense of accord and satisfaction, we could affirm on the basis that a correct result was reached even if the wrong reason was given, if the court could have decided the accord and satisfaction issue on the pleadings. However, that defense, as the defense of laches, presents an issue of fact and should not have been decided on the pleadings. *See Holland* v. *Farmers & Merchants Bank*, 18 Ark. App. 119, 711 S.W.2d 481 (1986).

Since the chancellor's decision was not based on any evi-

dence, we reverse and remand to the trial court for further proceedings in accordance with this opinion.

Reversed and remanded.

CRACRAFT, C.J., and JENNINGS, J., agree.