Lorene HOLLINGSWORTH and Don Gore *v.* FIRST
NATIONAL BANK AND TRUST COMPANY of Rogers,
Arkansas, and James Robert Kelly

92-435                                          846 S.W.2d 176

Supreme Court of Arkansas
Opinion delivered February 1, 1993

638

*Evans & Evans*, by: *James E. Evans, Jr.*, for appellants.

*Matthews, Campbell & Rhoads*, by: *David R. Matthews*, for appellees.

TOM GLAZE, Justice. Appellants, Lorene Hollingsworth and Don Gore, brought this malicious prosecution and tort of outrage case after having prevailed in an earlier federal lawsuit where the appellees claimed appellants had violated the federal "RICO" statutes. In that federal action, appellees alleged the appellants were involved in racketeering activities by laundering illegal funds, committing mail fraud and criminal enterprise, misusing credit card numbers, forging documents and other similar fraudulent conduct. The federal court had allowed the appellees to obtain a prejudgment attachment, but subsequently set it aside. At trial, Gore was granted a directed verdict, but the federal judge allowed Hollingsworth's case to go to the jury, which returned a verdict in her favor. In filing their complaint in this state action, appellants, among other things, set out the "RICO" allegations the appellees had previously alleged against appellants, stated the appellants had been absolved of those allegations and further asserted the appellees had commenced the federal action maliciously and without probable cause. They also complained appellees were liable for the tort of outrage because appellees' actions were extreme and outrageous beyond the bounds of decency. Appellees moved under ARCP Rule 12(b)(6) to dismiss appellants' state action, alleging appellants' complaint failed to state facts upon which relief can be granted. The trial court agreed, and appellants appeal the trial court's ruling.

■■ Arkansas has adopted a clear standard to require fact pleading: " a pleading which sets forth a claim for relief . . . shall contain (1) a statement in ordinary and concise language of facts showing that the pleader is entitled to relief . . ." ARCP Rule 8(a)(1). Rule 12(b)(6) provides for the dismissal of a complaint for "failure to state facts upon which relief can be granted." This court has stated that these two rules must be read together in testing the sufficiency of the complaint; facts, not mere conclusions, must be alleged. *Rabalaias* v. *Barnett*, 284 Ark. 527, 683 S.W.2d 919 (1985). In testing the sufficiency of the complaint on a motion to dismiss, all reasonable inferences must be resolved in favor of the complaint, and pleadings are to be liberally construed. *Id*; ARCP Rule 8(f).

■ As mentioned above, appellants seek damages against appellees for malicious prosecution and the tort of outrage. The elements necessary to show the tort of malicious

prosecution are the following: 1) a proceeding instituted or continued by the defendant against the plaintiff; 2) termination of the proceeding in favor of the plaintiff; 3) absence of probable cause for the proceedings; 4) malice on part of the defendant; and 5) damages. *Miles* v. *Southern*, 297 Ark. 274, 760 S.W.2d 868 (1988). To establish liability for the tort of outrage, the following four elements are needed: 1) the actor intended to inflict emotional distress or knew or should have known that emotional distress was the likely result of his conduct; 2) the conduct was "extreme and outrageous," was "beyond all possible bounds of decency" and was "utterly intolerable in a civilized community"; 3) the actions of the defendant were the cause of the plaintiff's distress; and 4) the emotional distress sustained by the plaintiff was so severe that no reasonable person could be expected to endure it. *Deitsch* v. *Tillery*, 309 Ark. 401, 833 S.W.2d 760 (1992).

Here, appellants' complaint falls short of pleading a cause of action for malicious prosecution because they failed to plead sufficient facts to show either malice or lack of probable cause. Malice has been defined as "any improper or sinister motive for instituting the suit." *Cordes* v. *Outdoor Living Center, Inc.*, 301 Ark. 26, 781 S.W.2d 31 (1989). Probable cause for prosecution must be based upon the existence of facts or credible information that would induce the person of ordinary caution to believe the accused person to be guilty of the crime for which he is charged. *Id.* Ordinary caution is a standard of reasonableness, which presents an issue for the jury when the proof is in dispute or subject to different interpretations. *Id.*

In their complaint, the appellants mention no facts bearing on the background for appellees having filed the RICO action. Appellants merely allege they prevailed against appellees' allegations which is not the same as saying appellees had no probable cause to file the action the first place. Concerning appellant Hollingsworth, the federal court obviously ruled sufficient evidence had been presented to send her case to the jury. Such a ruling itself indicates probable cause accompanied the RICO action that the appellees filed against her. Regardless, the appellants' merely stating that the appellees' actions were malicious is not sufficient to meet the pleading requirements under ARCP Rule 8(a)(1). The only facts the appellants set out in the

complaint were that Hollingsworth had been served while she was working at a school in front of some of her students and this manner of service was used to embarrass and humiliate her. Again, such an allegation has little to do with whether appellees had probable cause to bring the earlier RICO action against appellants. Likewise, the appellants failed to plead any facts to support their cause of action for tort of outrage besides merely stating in summary fashion that the appellees' actions were "extreme and outrageous beyond the bounds of decency." Accordingly, we uphold the trial court's decision to dismiss appellants' complaint.

One last point needs to be addressed. The court's order in the present case was silent as to whether the appellants' complaint was dismissed with or without prejudice. When a complaint is dismissed under Rule 12(b)(6) for failure to state facts upon which relief can be granted, the dismissal should be without prejudice. *Ratliff* v. *Moss*, 284 Ark. 16, 678 S.W.2d 369 (1984). The plaintiffs then have the election to either plead further or appeal. *Id*. In *Arkhola Sand & Gravel Co.* v. *Hutchinson*, 291 Ark. 570, 726 S.W.2d 674 (1987), the trial court dismissed the appellant's complaint without any mention of prejudice to Arkhola. Arkhola then had the election to plead further or appeal. Arkhola appealed, and therefore it waived its right to plead further and the complaint was dismissed with prejudice. Likewise, in the present case the appellants chose to appeal rather than plead further, thus the appellants' complaint is dismissed with prejudice.