Thomas E. MALONE *v.* TRANS-STATES LINES, INC.

95-1116                                   926 S.W.2d 659

Supreme Court of Arkansas
Opinion delivered July 15, 1996

*Walker Law Firm,* by: *R. Scott Zuerker,* for appellant.

*David B. Vandergriff,* for appellee.

DONALD L. CORBIN, Justice. Appellant, Thomas E. Malone, appeals the judgment of the Sebastian County Circuit Court dismissing with prejudice his complaint against appellee, Trans-States Lines, Incorporated, for retaliatory discharge under the Workers' Compensation Law, Ark. Code Ann. §§ 11-9-101 to -1001 (Repl. 1996), and for discrimination in violation of the Arkansas Civil Rights Act of 1993, Ark. Code Ann. §§ 16-123-101 to -108 (Supp. 1995). The trial court dismissed appellant's complaint for lack of subject-matter jurisdiction and failure to state a claim upon which relief could be granted. Appellant asserts two points for reversal of the order of dismissal. Resolution of these arguments requires interpretation of the two aforementioned legislative acts. Jurisdiction is therefore properly in this court pursuant to Ark. Sup. Ct. R. 1-2(a)(3). We reverse and dismiss in part and affirm as modified in part.

Appellant began employment with appellee as a truck driver in January 1990 and was first diagnosed with bilateral carpal tunnel syndrome in March 1993. He had surgery on his right hand in March 1994 and on his left hand in April 1994. Appellant was released to return to work in August 1994 with restrictions that he not load or unload his truck. Appellee refused to return appellant to work with these restrictions. A dispute arose between appellee and appellant, and appellee terminated appellant. Appellant received a full release to return to work in November 1994 with a five percent permanent physical impairment rating in each hand. Appellant filed a claim for workers' compensation benefits relating to the carpal tunnel syndrome. In addition to the aforementioned facts, the administrative law judge found that the carpal tunnel syndrome arose out of appellant's employment with appellee and that appellant was entitled to temporary total disability benefits for the period March 5, 1994, through August 18, 1994.

Appellant initiated the present action by filing a two-count complaint in circuit court. Count one of the complaint alleged a

cause of action under the Arkansas Civil Rights Act of 1993. Specifically, appellant alleged that appellee discriminated against him in the terms and conditions of his employment on the basis of appellant's physical disability. Count two of the complaint alleged a cause of action for retaliatory discharge based on appellant's filing of the workers' compensation claim.

Appellee relied on section 11-9-107 and moved to dismiss the complaint for lack of subject-matter jurisdiction and failure to state facts upon which relief can be granted. The trial court entered an order granting without explanation appellee's motion on both grounds. This appeal followed.

Appellant asserts two points for reversal. First, he argues the trial court erred in dismissing count one of his complaint because the exclusive remedy doctrine of section 11-9-107 does not apply to a claim of discrimination based on physical disability. Second, he argues alternatively that section 11-9-107 is unconstitutional in that it bars a civil rights action pursuant to the Arkansas Civil Rights Act of 1993. Appellant correctly concedes that count two of his complaint was properly dismissed due to section 11-9-107 and this court's decision in *Tackett* v. *Crain Automotive*, 321 Ark. 36, 899 S.W.2d 839 (1995), that section 11-9-107's annulment of a cause of action in tort for retaliatory discharge is applicable to cases in which the date of discharge is after July 1, 1993. The administrative law judge found that appellant was discharged after July 1, 1993. Thus, in this opinion we are only concerned with count one of appellant's complaint — the claim under the Arkansas Civil Rights Act of 1993. Because we agree with the trial court's ruling that the complaint does not state facts upon which relief can be granted, we do not reach the merits of appellant's arguments.

In reviewing the denial of a dismissal granted pursuant to Ark. R. Civ. P. 12(b)(6), we treat the facts alleged in the complaint as true and view them in the light most favorable to the party who filed the complaint. *Neal* v. *Wilson*, 316 Ark. 588, 873 S.W.2d 552 (1994). When the trial court decides Rule 12(b)(6) motions, it must look only to the complaint. *Id*. This court has summarized Arkansas' requirements for pleading facts as follows:

> Arkansas has adopted a clear standard to require fact pleading: "a pleading which sets forth a claim for relief . . . shall contain (1) a statement in ordinary and concise

> language of facts showing that the pleader is entitled to relief . . ." ARCP Rule 8(a)(1). Rule 12(b)(6) provides for the dismissal of a complaint for "failure to state facts upon which relief can be granted." This court has stated that these two rules must be read together in testing the sufficiency of the complaint; facts, not mere conclusions, must be alleged. *Rabalaias* v. *Barnett*, 284 Ark. 527, 683 S.W.2d 919 (1985). In testing the sufficiency of the complaint on a motion to dismiss, all reasonable inferences must be resolved in favor of the complaint, and pleadings are to be liberally construed. *Id.*; ARCP Rule 8(f).

*Hollingsworth* v. *First Nat'l Bank & Trust Co.*, 311 Ark. 637, 639, 846 S.W.2d 176, 178 (1993).

Even when we liberally construe Malone's complaint, it alleges only conclusions. No facts are pleaded whatsoever. By way of illustration, we point out that the complaint alleges this conclusion: "Plaintiff has a physical disability within the meaning of the Arkansas Civil Rights Act of 1993." "Disability" is defined in the Act as "a physical or mental impairment that substantially limits a major life function[.]" Section 16-123-102(3). There is no allegation of facts to support the conclusion that appellant meets this definition of "disability." This is but one example of the insufficiency of the complaint due to the pleading of conclusions rather than facts. There are many others.

■ Because the complaint states only conclusions without facts, we agree with the trial court that the complaint must be dismissed for failure to plead facts under Rule 12(b)(6). However, we cannot agree that such a dismissal is with prejudice. It is well-settled that such a dismissal is to be without prejudice so that the plaintiff may elect whether to plead further or appeal. In this case, appellant was not afforded that election because the dismissal was with prejudice. *See Ratliff* v. *Moss*, 284 Ark. 16, 678 S.W.2d 369 (1984). Accordingly, we affirm the trial court's order but modify it to reflect that the dismissal be without prejudice.

■ Appellant's failure to plead sufficient facts and the lack of explanation in the trial court's order renders any meaningful further appellate review a practical impossibility. While we are somewhat sympathetic to appellant's contention that he has asserted two distinct causes of action based on two distinct statutes, on this limited

record we cannot fully discuss the merits of appellant's arguments for reversal of the trial court's rulings regarding subject-matter jurisdiction. Suffice it to say that because appellant has asserted a cause of action in circuit court based in part on the Arkansas Civil Rights Act of 1993, we reverse that part of the order dismissing the complaint for lack of subject-matter jurisdiction.

That part of the order dismissing the complaint for lack of subject-matter jurisdiction is reversed and dismissed. That part of the order dismissing the complaint for failure to plead facts is affirmed as modified to be without prejudice.

Reversed and dismissed in part; affirmed as modified in part.

GLAZE, J., concurs.

DUDLEY, J., not participating.

TOM GLAZE, Justice, concurring. I concur. The first issue to be decided in this case is whether the Workers' Compensation Exclusive Remedy Doctrine in Act 796 of 1993 (Ark. Code Ann. § 11-19-107 (Repl. 1996)) bars a statutory discrimination action based upon physical impairment sought under Arkansas's Civil Rights Act (Ark. Code Ann. §§ 16-123-101, particularly -107). The trial court said yes, and I presume that is the reason it dismissed Malone's action *with* prejudice. I disagree with the trial court's decision on this legal point, but I still would dismiss *without* prejudice under ARCP Rule 12(b)(6) because I believe Malone's complaint fails to allege sufficient facts to support his civil rights claim.

Concerning whether Malone's civil rights claim in circuit court can survive the Exclusive Remedy Doctrine of the workers' compensation law, I would point out that § 11-9-107 *imposes a fine* against any employer who willfully discriminates regarding the hiring or tenure of any worker *on account of that worker's claim for benefits under the chapter*. Here, Malone's complaint is not based or couched in terms of his employer's retaliatory measure on account of Malone having sought Workers' Compensation benefits. Instead, Malone seeks relief, alleging his employer terminated him because of his physical disability. It is also significant to me that if Malone is precluded from pursuing an action under the Arkansas Civil Rights Act, he has no real remedy. Section 11-9-107 affords only remedies that penalize the employer and avail Malone nothing. In my view, the Exclusive Remedy Doctrine in no way conflicts with or bars a

properly established or alleged claim under the Civil Rights Act.

In sum, I conclude the trial court erred in deciding it had no subject-matter jurisdiction in this cause, and while I believe the trial court therefore erred in dismissing Malone's action with prejudice, I would dismiss Malone's complaint because it does not contain sufficient facts to support his civil rights claim.