Alta WILSON et al. *v.* Ronnie ADKINS et al.

CA 96-569 941 S.W.2d 440

Court of Appeals of Arkansas
Division I
Opinion delivered April 2, 1997

*James B. Pierce*, for appellant.

*Davis & Cox*, by: *Hal W. Davis*, for appellee.

TERRY CRABTREE, Judge. Appellant Alta Wilson, a resident of Florida, sued her nephew, Ronnie Adkins, in chancery court for detrimental reliance, breach of contract, and fraud stemming

from an alleged agreement in which the appellant agreed to donate bone marrow to her ailing sister in exchange for $101,500.00 as compensation for risk in the procedure. The chancellor granted appellees' motion to dismiss on the detrimental reliance count, and the case was transferred to circuit court. Appellees again moved for dismissal, pursuant to Ark. R. Civ. P. 12(b)(6), and the circuit court granted the motion on all counts. Appellants bring this appeal of the trial court's dismissal, arguing that the complaint on its face stated the three causes of action complained of, and dismissal was therefore inappropriate. We affirm the chancellor's dismissal based on the blatantly illegal nature of the alleged contract.

■ Dismissal under Rule 12(b) is a ruling on the initial complaint alleging some critical deficiency, such as jurisdiction, service of process, or failure to state a claim.

> In reviewing the denial of a dismissal granted pursuant to Ark. R. Civ. P. 12(b)(6), we treat the facts alleged in the complaint as true and view them in the light most favorable to the party who filed the complaint. *Neal v. Wilson*, 316 Ark. 588, 873 S.W.2d 552 (1994). When the trial court decides Rule 12(b)(6) motions, it must look only to the complaint. *Id.* This court has summarized Arkansas' requirements for pleading facts as follows:
>> Arkansas has adopted a clear standard to require fact pleading: "a pleading which sets forth a claim for relief . . . shall contain (1) a statement in ordinary and concise language of facts showing that the pleader is entitled to relief . . ." ARCP Rule 8(a)(1). Rule 12(b)(6) provides for the dismissal of a complaint for "failure to state facts upon which relief can be granted." This court has stated that these two rules must be read together in testing the sufficiency of the complaint; facts, not mere conclusions, must be alleged. *Rabalais v. Barnett*, 284 Ark. 527, 683 S.W.2d 919 (1985). In testing the sufficiency of the complaint on a motion to dismiss, all reasonable inferences must be resolved in favor of the complaint, and pleadings are to be liberally construed. Id.; ARCP Rule 8(f).
>
> *Hollingsworth v. First Nat'l Bank & Trust Co.*, 311 Ark. 637, 639, 846 S.W.2d 176, 178 (1993).

*Malone v. Trans-States Lines, Inc.*, 325 Ark. 383, 386, 926 S.W.2d 659, 661 (1996).

■ Despite this stringent review of grants of 12(b)(6) dismissal, courts are very reluctant to allow clearly illegal contracts to survive even the pleading stage of litigation. *See Womack v. Maner*, 227 Ark. 786, 301 S.W.2d 438 (1957).

Here, the complaint states in paragraph II:

> That on or about the 1st day of April 1992, the Plaintiff, Alta Wilson and the Defendant Ronnie Adkins and the Defendant Georgia Adkins, now deceased, entered into an agreement whereby the Plaintiff would elect and act as a bone marrow donor for the benefit of the Defendant, Georgia Adkins.

The complaint artfully characterizes the agreement as an exchange of $101,500.00 for the risk, difficulties, and insurance consequences of appellant's marrow donation. While appellants' attorney goes to great lengths to disguise the nature of the contract, it is, as the trial court noted, "so intertwined and commingled that [it] cannot be separated," and clearly falls under the rubric of federal law on the sale of human organs. Here, the complaint essentially admits that the parties contracted for an illegal sale of organs. No matter how the appellants' attorney characterizes the transaction, the dollar amount and the consideration are telling signs that the contract is one for the sale of an organ in violation of federal law.

■ Title 42 of the United States Code section 274(e) provides the following:

> (a) Prohibition
>
> It shall be unlawful for any person to knowingly acquire, receive, or otherwise transfer any human organ for valuable consideration for use in human transplantation if the transfer affects interstate commerce.
>
> (b) Penalties
>
> Any person who violates subsection (a) of this section shall be fined not more than $50,000 or imprisoned not more than five years, or both.

(c)  Definitions

For purposes of subsection (a) of this section:

(1) The term "human organ" means the human (including fetal) kidney, liver, heart, lung, pancreas, *bone marrow*, cornea, eye, bone, and skin or any subpart thereof and any other human organ (or any subpart thereof, including that derived from a fetus) specified by the Secretary of Health and Human Services by regulation.

(2) The term "valuable consideration" does not include the reasonable payments associated with the removal, transportation, implantation, processing, preservation, quality control, and storage of a human organ or the expenses of travel, housing, and lost wages incurred by the donor of a human organ in connection with the donation of the organ.

(3) The term "interstate commerce" has the meaning prescribed for it by section 321(b) of Title 21.

While this statute does allow "reasonable payments" for the cost of the procedure and incidental expenses, it is clear that $101,500.00 is not payment for reasonable incidental expenses incurred in the organ donation, but is an illegal sale of an organ specifically prohibited by federal law.

Since the contract's subject matter is so plainly illegal, long standing Arkansas precedent supports the trial court's grant of 12(b)(6) relief even without a responsive pleading from the appellees.

The case of *Womack v. Maner*, 227 Ark. 786, 301 S.W.2d 438 (1957), is on point in several respects. The appellant in *Womack* sought recovery of a bribe he allegedly paid to a local judge. The appellee demurred (roughly equivalent to a modern 12(b)(6) motion), and the trial court granted the demurrer on the grounds that a cause of action was not stated.

In considering Womack's appeal, the Arkansas Supreme Court stated:

It is firmly established that in a situation such as is set out in the complaint the law will not aid either party to the alleged illegal

and void contract. According to the allegations in the complaint, the parties are *pari delicto*, hence, plaintiff cannot recover.

*Id.* at 787–88, 301 S.W.2d at 439. The *Womack* court went on to cite several instances where the plainly illegal nature of the contract was dispositive of the case.

      Here, while the contract the appellants seek to enforce is not a bribe, the act of selling one's organs is equally offensive, and just as clearly illegal as bribery. While the statute regarding organ sales is relatively modern (1986), its genesis is in a clear public policy based on long standing attitudes about transplantation of organs. "Laws regarding the removal of human tissues for transplantation implicate moral, ethical, theological, philosophical, and economic concerns which do not readily lend themselves to analysis within a traditional legal framework." *State v. Powell*, 497 So.2d 1188, 1194 (Fla. 1986). In commenting on *Powell*, another court noted:

> For that reason, the courts should look instead to the particular statutes that were written on those subjects in an effort to balance the peculiar interests involved. Recently, the California Supreme Court said that courts should not look to conversion law but to the specialized statutes dealing "with human biological materials as objects sui generis, regulating their disposition to achieve policy goals rather than abandoning them to the general law of personal property." *Moore v. Regents of the University of California*, 51 Cal.3d 120, 271 Cal.Rptr. 146, 156, 793 P.2d 479, 489 (Cal.1990), *cert. denied*, 499 U.S. 936, 111 S.Ct. 1388, 113 L.Ed.2d 444 (1991). The same could be said for resorting strictly to contract law when there is an alleged agreement for the transfer of human remains.

*Perry v. Saint Francis Hosp. & Medical Ctr.*, 886 F.Supp. 1551, 1563 n.7 (D. Kan. 1995).

     In *Perry*, the court addressed the issue of an alleged contract between a hospital nurse and a grieving family for the donation of tissues from a deceased patient. While the family did recover on other grounds for the hospital's overreaching organ harvesting, the court rejected a contract approach to the communication between the family and the hospital, stating, "A contract approach is not reconcilable with societal beliefs and values on this subject." *Id.* at

1563. In support of this contention, the *Perry* court cited the Uniform Anatomical Gift Act (1987), 8A U.L.A. 25 at § 10(a), and the federal law, discussed above, at 42 U.S.C. 274(e). Further, the court cited commentary on both the uniform law and the federal act that these laws "embody a commitment to the belief that organs should be given as a gift, either to a specific individual or to society at large." *Developments in the Law — Medical Technology and the Law*, 103 HARV. L. REV. 1519, 1622 (1990); *See also* Commentaries Vol. B, Ark. Code Ann. pp. 440-51 (Repl. 1995).

Based on the reasoning in *Perry*, and the equitable concerns implicit in certain types of attempts to contract as summarized in *Womack*, it is wholly appropriate for a trial court to refuse to meddle in the illegal dealings of parties when the subject matter of their agreement is so clearly repulsive to public policy and federal law. Such an analysis is equally persuasive on each count (contract, detrimental reliance, and fraud) where, as in the present case, both parties were *in pari delicto*, or equally culpable or criminal. As stated in *Womack*, "[W]here an illegal contract has been made, neither courts of law nor of equity will interpose to grant any relief to the parties, but will leave them where it finds them, if they have been equally cognizant of the illegality." (Citation omitted.) *Womack*, 227 Ark. at 788, 301 S.W.2d at 439.

Here, it is clear on the face of appellants' complaint that the activity amounted to a sale of organs in violation of federal law. Accordingly, the trial court's dismissal was appropriate.

Affirmed.

ROBBINS, C.J., and STROUD, J., agree.