Omar ALMOBARAK *v.* Darryl and Cindy McCOY

CA 03-427                                                137 S.W.3d 440

Court of Appeals of Arkansas
Division IV
Opinion delivered December 10, 2003

*Wright, Lindsey & Jennings LLP*, by: *H. Keith Morrison*, for appellant.

*Stephen Lee Wood, P.A.*, by: *Stephen Lee Wood*, for appellees.

JOSEPHINE LINKER HART, Judge. Appellant Omar Almobarak brings this appeal, arguing that the trial court erred by refusing to set aside the confirmation of a public sale. Specifically, appellant contends that the terms of the notice of the public sale did not strictly comply with the requirements set forth in Ark. Code Ann. § 18-49-104 (1987), and that the property was sold for an inadequate price. We affirm.

Title to sixteen lots of land in Horseshoe Bend Estate in Benton County was quieted in appellant by an order filed on August 2, 2002. The order quieting title also imposed a lien to secure payment of approximately $40,000 for improvements made on the property by appellees, Darryl and Cindy McCoy. When the judgment for the improvements was not paid, appellees sought enforcement of the lien by obtaining an order that appointed a commissioner and directed that the property be sold at a public sale to the highest bidder. On October 24, 2002, the property was sold to the highest bidders, appellees, for $30,000.

Less than one hour after the order confirming the sale was entered on November 12, 2002, appellant filed an objection to the confirmation. When the trial court did not rule on appellant's objection, it was deemed denied on December 12, 2002.[1] From that denial, appellant brings this appeal, arguing that the notice of sale did not comply with Ark. Code Ann. § 18-49-104 and that the accepted bid for the property was inadequate.

■■ An appellate court reviews questions of statutory interpretation *de novo* because it is the court's responsibility to determine what a statute means. *Simmons First Bank v. Bob Callahan Serv.*, 340 Ark. 692, 13 S.W.3d 570 (2000). A trial court's conclusions on a question of law will be given no weight on appeal. *Kelly v. Kelly*, 341 Ark. 596, 19 S.W.3d 1 (2000). We will affirm the ruling of a trial court if it reached the right result, even though it may be for a different reason. *Nettleton Sch. Dist. v. Owens*, 329 Ark. 367, 948 S.W.2d 94 (1997).

---

[1] After appellant attempted to file the record on appeal on April 8, 2003, he was directed by the Supreme Court Clerk to file a motion for rule on the clerk because the notice of appeal appeared untimely on its face. Appellant's motion for rule on the clerk was granted on May 8, 2003.

The order foreclosing the lien appointed the circuit clerk, Sue Hodges, as commissioner of the sale. It also ordered the property to be sold to the highest bidder at a public sale after twenty days' notice of the sale had been published in a newspaper of general circulation. The order provided that the sale should be made on three months' credit with the purchaser giving security to the court for the purchase price and with a lien to continue on the property until payment of such purchase price. Notice of the sale was published in accordance with the order on October 3 and 10, 2002, and provided in pertinent part:

> Terms of Sale: Purchaser will be required to pay full amount of bid the day of sale or ten percent down with remaining balance due in 90 days bearing interest from the date of sale. Purchaser will also be required to provide a bond or proof of security for remaining balance.

Both parties attended the sale on October 24, 2002, and bid on the property. The property was sold to appellees for $30,000. On October 30, 2002, appellant's counsel wrote to the circuit clerk, who was also the commissioner of the sale, that appellant intended to object to the sale. The confirmation of sale was filed on November 12, 2002, at 8:11 a.m. Appellant's objection, however, was not filed until 8:55 a.m. on the same day.

For his first point on appeal, appellant argues that the notice of public sale did not comply with Ark. Code Ann. § 18-49-104 or the trial court's decree setting forth the court's requirements for the sale. Arkansas Code Annotated section 18-49-104 states in part:

> Sales of real property made by court order shall be on a credit of not less than three (3) months nor more than six (6) months, or on installments equivalent to not more than four (4) months credit on the whole, to be determined by the court.

Citing *Nineteen Corporation v. Guaranty Financial Corporation*, 246 Ark. 400, 438 S.W.2d 685 (1969) (superseded by statute on other grounds), appellant asserts that the sale did not comply with the statute because the law requires that the sale be made on credit of not less than three months, and here, the published notice required a potential buyer to make a full payment on the day of the sale, or at a minimum

pay ten percent of his winning bid. Further, he argues, citing *Welch v. Hicks*, 27 Ark. 292 (1871), that the notice provisions of the statute must be strictly construed. Thus, he contends that the court should not have confirmed the sale.

For his second argument, appellant asserts that because the bid on the property was inadequate, the trial court erred in confirming the sale of the property. Citing *Looper v. Madison Guaranty Savings & Loan Association*, 292 Ark. 225, 729 S.W.2d 156 (1987), appellant argues that the courts have historically refused to confirm judicial sales when the bid allows a purchaser to procure the property for a grossly inadequate price. Also, citing *Mulkey v. White*, 219 Ark. 441, 242 S.W.2d 836 (1951) and *Moore v. McJudkins*, 136 Ark. 292, 206 S.W.2d 445 (1918), appellant asserts that when the inadequate price is combined with other irregularities in the sale process, appellate courts have declared that a new sale must take place. In *Moore*, the court, citing *Graffam v. Burgess*, 117 U.S. 180 (1886), stated:

> If the inadequacy of price is so gross as to shock the conscience, or if, in addition to gross inadequacy, the purchaser has been guilty of any unfairness, or has taken any undue advantage, or if the owner of the property , or party interested in it, has been for any other reason misled or surprised, then the sale will be regarded as fraudulent and void, or the party injured will be permitted to redeem the property sold.

Here, Jerry Danehower, witness for appellees, testified that he was a real-estate appraiser, that the value of the unimproved property in June of 1996 was $15,000, and that the value of the property, as improved, on August 21, 2000, was $60,000. Appellees purchased the property at the public sale for $30,000.

We decline to address whether appellant is correct in his assessment of the law on either issue because we affirm based on a different point. In *Clarke v. Federal Land Bank of St. Louis*, 197 Ark. 1094, 126 S.W.2d 601 (1939), our supreme court held that a decree confirming the commissioner's report of a foreclosure sale imports a finding that the terms of the decree and provisions of the applicable statutes were complied with, and objections made thereafter which offer no reason why they were not made before the confirmation came too late.

■■ We also note that *Clarke* is in accordance with other general authority. "The confirmation of a mortgage foreclosure sale is an act of consent, sanction, and approval which the court gives to the sale; and it is a judicial, rather than a ministerial, act, even where no contest is made." 59A C.J.S. *Mortgages* § 872 (1998). "It is generally considered that a foreclosure sale ordered by a court of equity is subject to confirmation by the court and that the sale is not final or complete or binding or conclusive, or is not fully a sale or a true sale in the legal sense or a legal sale or valid as such, unless, and until, it is confirmed, it being nothing more, prior to confirmation, than an unexecuted sale or an unaccepted offer to purchase." *Id.* Objections to confirmation should be seasonable and specific. They should not include objections which might and should have been made before the decree, or objections to the decree itself unless they involve the jurisdiction of the court to render the decree. 59A C.J.S. *Mortgages* § 874 (1998).

Appellant was under no obligation to present his objections to the sale either before or at the time of the sale. However, appellant must present all of his grounds for objection prior to the order of confirmation. Here, appellant appeared at the sale and participated in the bidding process on October 24, 2002. Thereafter, he failed to file an objection until after the order of confirmation was filed on November 12, 2002, at 8:11 a.m.

■■ In order to be considered, an objection to the sale must be filed before the confirmation of sale is filed. *See Clarke.* Although appellant's objection was filed a mere forty-four minutes after the sale was confirmed, we must affirm the trial court's confirmation of the public sale.

Affirmed.

BIRD and VAUGHT, JJ., agree.