Connie MOORE, Margaret Davis,
and Moore's Furniture & Interior Gallery *v.*
Frank WALLACE & First State Bank

CA 04–191                                                    205 S.W.3d 824

Court of Appeals of Arkansas
Opinion delivered March 23, 2005

---

*Don R. Etherly*, for appellants.

*William C. Ayres Jr.*, for appellee First State Bank.

DAVID M. GLOVER, Judge. In the original complaint filed in this case, appellants Connie Moore and Margaret Davis named themselves as plaintiffs, doing business as "Moore's Furniture." They filed the complaint against appellees, Frank Wallace and First State Bank, alleging causes of action for breach of contract, estoppel, unjust enrichment, and fraud. The complaint was subsequently amended to eliminate the "dba" notation and to list as plaintiffs Connie Moore, Margaret Davis, and "Moore's Furniture & Interior Gallery." First State Bank filed a motion to dismiss and a motion for summary judgment. The trial court dismissed the case, and this appeal followed. We affirm the trial court.

The amended complaint alleged, *inter alia*, that the plaintiffs were owners of an incorporated family business called "Moore's Furniture and Interior Gallery Limited," that the business was destroyed by fire in January 1999, and that they received insurance proceeds in the amount of $20,000. They further alleged that appellee Frank Wallace, who was president of First State Bank at the time, encouraged them to apply the insurance proceeds to their outstanding bank-loan balance of $26,000. They asserted that Wallace orally agreed that in exchange for the $20,000 insurance check, First State Bank would issue a new $35,000 loan to "Moore's Furniture Company" to restart the business. Appellants alleged that after appellees received the $20,000, they reneged on the oral agreement.

In answering the complaint, the bank denied several of the allegations and sought dismissal of the contract, estoppel, and unjust-enrichment actions for failure to state facts upon which relief could be granted. The bank also urged dismissal of the contract action based upon the statute of frauds set forth in Arkansas Code Annotated section 4-59-101(d)(1) (Repl. 2001), which provides:

> No action may be maintained by or against any person or entity on any agreement to extend credit or to renew or modify existing credit in an amount greater than ten thousand dollars ($10,000) or to make any other accommodation relating to such credit, unless the agreement is in writing and is signed by the party to be charged with the agreement, or the duly authorized agent of such party.

In addition, the bank filed a motion for summary judgment, arguing among other things that the plaintiffs were not the real party in interest and therefore could not prosecute the action.

The trial court concluded that appellants' claims for breach of contract and unjust enrichment were barred by Ark. Code Ann. § 4-59-101(d)(1) (Repl. 2001) and, therefore, granted the motion to dismiss. The court further found that Moore's Furniture & Interior Gallery Limited, an Arkansas corporation, was the real party in interest and that appellants had no right or standing to bring the action in their individual capacities. Therefore, the trial court also granted the motion for summary judgment and dismissed the complaint.

Appellants raise three points of appeal: (1) whether the trial court erred in holding that the appellants' claims for breach of contract and unjust enrichment were barred by Ark. Code Ann.

§ 4-59-101(d), (2) whether the trial court erred in finding that the appellants were not the real parties in interest and lacked standing, (3) whether the trial court erred when it held that the appellants could not recover damages for loss of income.

In arguing the first point of appeal, appellants do not challenge the fact that the alleged oral contract, falls within the statute of frauds. They contend, however, that an oral contract may be removed from the statute of frauds by part performance of the parties, and that their payment of the $20,000 insurance proceeds to the bank constituted part performance. Alternatively, they also argue that unjust enrichment does not involve the enforcement of a contract, and that the statute of frauds was therefore inapplicable and that dismissal was inappropriate. We hold that the trial court did not err in dismissing either of these causes of action.

In order for part performance to take an oral contract out of the statute of frauds, it must be solely referable to the oral agreement. *See Smith v. Malone*, 83 Ark. App. 99, 117 S.W.3d 643 (2003). Here, appellants acknowledged in their depositions that the bank held a lien on the business inventory and assets, and that the $20,000 insurance proceeds were from coverage of the business's inventory that was destroyed by fire. The promissory note for the money that was borrowed from First State Bank was also individually guaranteed by appellants Moore and Davis. Consequently, appellants were obligated on the loan pursuant to either the promissory note or the guaranty agreement.

Moreover, the security agreement securing the promissory note gave appellee bank a security interest in, among other things, the business's inventory, equipment, and all proceeds from the collateral. The note and the security agreement provided that the appellants would insure the collateral and have appellee bank named as the loss-payee of the insurance. Appellants purchased the insurance for the collateral prior to the loan, but did not thereafter have the bank named as loss-payee. In short, appellants' payment of the insurance proceeds to the bank was not solely referable to the alleged oral contract, and did not constitute partial performance to take the alleged oral agreement out of the statute of frauds.

Similarly, the trial court did not err in dismissing the claim for unjust enrichment because appellee bank was entitled to the insurance proceeds pursuant to its security interest in the

proceeds of the collateral. One is not unjustly enriched by the receipt of that to which he is legally entitled. *Smith v. Whitener*, 42 Ark. App. 225, 856 S.W.2d 328 (1993). Moreover, we will affirm the ruling of a trial court if it reached the right result, even though it may be for a different reason. *Almobarak v. McCoy*, 84 Ark. App. 152, 137 S.W.3d 440 (2003).

For their second point of appeal, appellants contend that the trial court erred in finding that the appellants were not the real parties in interest and that they therefore lacked standing. We find no basis for reversal because the trial court reached the right result, even though it incorrectly found that appellants were not the real parties in interest. That is, appellants' remaining allegations of estoppel and fraud arose from the same set of facts upon which they based their contract and unjust-enrichment claims. Analogous to our previous discussion of the claim for unjust enrichment, under the circumstances of this case the bank's receipt of that to which it was legally entitled could not serve as the basis for asserting fraud or estoppel. Consequently, the trial court's dismissal was appropriate.

For the final point of appeal, appellants contend that the trial court erred when it held that the appellants could not recover damages for loss of income. We find it unnecessary to address this remaining point because it has been rendered moot by our affirmance of the trial court's dismissal of the case.

Affirmed.

PITTMAN, C.J., GLADWIN, ROBBINS, and NEAL, JJ., agree.

BAKER, J., dissents.

KAREN R. BAKER, Judge, dissenting. The majority opinion is based upon findings of fact made by this court, not a review of the trial court's finding that appellant failed to state a claim upon which relief could be granted, that no material facts remained to be decided, and that appellee was entitled to judgment as a matter of law. The trial court granted appellee's 12(b)(6) motion and dismissed the claims for breach of contract and unjust enrichment as barred by the statute of frauds. It then granted appellee's motion for summary judgment finding as follows: "The Court finds that Moore's Furniture and Interior Gallery Limited, an Arkansas corporation, is the real party in interest. The Plaintiffs in their individual capacities have no right or standing to bring this action in their individual names. Therefore, the

Defendant's Motion for Summary Judgment should be granted, and the Plaintiff's Complaint should be dismissed." The majority acknowledges that this finding by the trial court is erroneous but nevertheless affirms based upon a "right result wrong reason" analysis and thereby substitutes this court's findings of fact for those of the trial court. However, neither this court nor the trial court is free to make findings of fact upon the disputed evidence in this case.

Neither the 12(b)(6) dismissal nor the summary judgment was appropriate and this is true even if we treat the 12(b)(6) dismissal as a grant of summary judgment. Below and on appeal, appellee argues that it is entitled to dismissal and to summary judgment because the "loan documents for the original loan to the business reflect the borrower to be Moore's Furniture and Interior Gallery. Those documents were executed on behalf of the corporation by appellants as officers of the corporation." In the motion to dismiss, appellee argues that the corporation owed the bank money on the May 19th note, failed to properly identify the bank as the loss payee on the insurance contract, and that all insurance proceeds received by the corporation were subject to the bank's security interest.

The trial court and the majority accepted appellee's argument as fact. However, none of the allegations in either appellant's complaint, or any of the evidence in the record before us, indicates that the corporation was a party to any insurance contract. We have only the allegation that appellants had the property insured. Therefore, the standard of review to which we must adhere, requires that we reverse the trial court's holding and remand the case for resolution of this question of fact.

Dismissal under Rule 12(b) is a ruling on the initial complaint alleging some critical deficiency, such as jurisdiction, service of process, or failure to state a claim. *See Wilson v. Adkins*, 57 Ark. App. 43, 941 S.W.2d 440 (1997) (noting that despite stringent review of grants of dismissal for failure to state a claim, courts are very reluctant to allow clearly illegal contracts to survive even the pleading state of litigation). Affirmative defenses listed in subsection (c) of Rule 8 of the Arkansas Rules of Civil procedure such as limitations, statute of frauds, and fraud are not listed as defenses that may be the subject of a motion to dismiss under Rule 12. *See Davenport v. Pack*, 35 Ark. App. 40, 812 S.W.2d 487 (1991). That is because when a dismissal is entered pursuant to Rule 12, no evidence proving the defense may be entered, and therefore, an issue of limitations or statute of frauds may be raised in a Rule 12

motion only if the cause of action on the face of the complaint is barred by limitations or the statute of frauds. *See id.* In reviewing the denial of a dismissal granted pursuant to Ark.R.Civ.P. 12(b)(6), we treat the facts alleged in the complaint as true and view them in the light most favorable to the party who filed the complaint. *Neal v. Wilson,* 316 Ark. 588, 873 S.W.2d 552 (1994).

When the trial court decides Rule 12(b)(6) motions, it must look only to the complaint. *Id.* This court has summarized Arkansas' requirements for pleading facts as follows: Arkansas has adopted a clear standard to require fact pleading: "a pleading which sets forth a claim for relief . . . shall contain (1) a statement in ordinary and concise language of facts showing that the pleader is entitled to relief . . ." ARCP Rule 8(a)(1). Rule 12(b)(6) provides for the dismissal of a complaint for "failure to state facts upon which relief can be granted." These two rules must be read together in testing the sufficiency of the complaint; facts, not mere conclusions, must be alleged. *Rabalaias v. Barnett,* 284 Ark. 527, 683 S.W.2d 919 (1985). In testing the sufficiency of the complaint on a motion to dismiss, all reasonable inferences must be resolved in favor of the complaint, and pleadings are to be liberally construed. *Id.*; Ark. R. Civ. P. 8(f); *see also Hollingsworth v. First Nat'l Bank & Trust Co.,* 311 Ark. 637, 639, 846 S.W.2d 176, 178 (1993); *Malone v. Trans-States Lines, Inc.,* 325 Ark. 383, 386, 926 S.W.2d 659, 661 (1996).

The complaint alleges, and appellants argue, that Connie Moore and Margaret Davis (appellants) were owners of a family business called Moore's Furniture that was destroyed by fire. It alleges that the appellants carried a policy of insurance, and that after the store was destroyed, they received proceeds in the amount of $20,000. The complaint further asserts that when Connie Moore approached Mr. Wallace, President of First State Bank, and requested a loan to restart the destroyed business, that Mr. Wallace orally agreed to make a new loan in exchange for the $20,000 insurance check to be applied "to an outstanding loan balance of approximately $26,000 owed to First State Bank." The complaint itself does not identify the principal debtor of the loan balance nor any guarantors. The complaint then alleges that Mr. Wallace failed to issue the new loan after receiving the $20,000, that the appellants had relied upon his oral assertions to their detriment; and Mr. Wallace and First State Bank had received payments that they would not have otherwise received.

The trial court granted the dismissal holding that appellants' claim for breach of contract and unjust enrichment were barred by the statute of frauds. The majority affirms this decision finding that appellants' payment of the insurance proceeds to the bank was not solely referable to the alleged oral contract because the bank held a lien on the business inventory and assets, that the $20,000 insurance proceeds were from coverage of the business's inventory that was destroyed by fire, that the promissory note for the money that was borrowed from First State Bank was also individually guaranteed by appellants Moore and Davis, and that consequently, appellants were obligated on the loan pursuant to either the promissory note or the guaranty agreement. None of the majority's factual findings in this regard are alleged in the complaint, but they are nonetheless made by the majority in clear derogation of our standard of review.

A reading of the complaint confirms that appellants set forth facts to remove the agreement from the statute of frauds. Appellants' complaint alleges that they detrimentally relied upon the appellees' promise to loan them money to restart their business if they gave the bank the insurance money to be applied to another loan and that appellees received money that they would not have otherwise received. Detrimental reliance, alleged by appellant, may bar the application of the statute of frauds. In *Country Corner Food and Drug, Inc. v. Reiss,* 22 Ark. App. 222, 225-26, 737 S.W.2d 672, 674 (1987), we stated:

> Even if the statute of frauds were applicable to the employment contract in question, the evidence presented below reveals sufficient detrimental reliance on the part of appellee to take the contract out of the operation of the statute of frauds. "Where one has acted to his detriment solely in reliance on an oral agreement, an estoppel may be raised to defeat the defense of the statute of frauds." 73 Am.Jur.2d Statute of Frauds, Section 565 (1974). "An estoppel may be raised to defeat the defense of the statute of frauds although there is no fraud in the inception of the contract." *Id.* at 567. Additionally, we have held that estoppel may prevent the application of the statute of frauds. [*Ralston Purina Co. v. McCollum,* 271 Ark. 840, 611 S.W.2d 201 (Ark.App.1981).]
>
> . . . .
>
> In *Dickson v. Delhi Seed Co.,* 26 Ark. App. 83, 93, 760 S.W.2d 382, 388 (1988), we stated that "[i]t is well settled that whether estoppel is applicable is an issue of fact to be decided by the trier of fact;" and

held that summary dismissal of the complaint was not appropriate because a question of fact existed. In *Blevins v. Safeway Stores*, 25 Ark. App. 297, 300, 757 S.W.2d 569, 570 (1988), we held that the issue of estoppel is generally one of fact. Here, material issues of fact clearly remain to be tried.

Even if we were allowed to go to the record on a 12(b)(6) or summary judgment motion in order to affirm, a review of the documents contained in the abstract demonstrates discrepancies which prevent finding as a matter of law the corporation, Moore's Furniture and Interior Gallery Limited, was a party to the contract entered into by appellee, First State Bank, on May 19, 1998. Discrepancies include (1) The fact that the corporate papers were filed with the Secretary of State office on August 24, 1998, three months after the contract was executed on May 19, 1998, between Moore's Furniture and Interior Gallery and First State Bank; (2) The contract with the bank lists the store's name with no identification as to its status as a corporation; (3) The box for "partnership" is marked to identify the business as a partnership despite the designation of Connie Moore signing as President of Moore's Furniture and Interior Gallery. In addition, there is no evidence indicating that the corporation was entitled to the insurance proceeds.

Whether a corporation is doing business in Arkansas is a question of material fact, and neither Rule 12 nor Rule 56 of the Arkansas Rules of Civil Procedure authorizes the trial court to summarily dismiss the complaint where an issue of material fact remains to be resolved. *Dickson v. Delhi Seed Co.*, 26 Ark. App. 83, 760 S.W.2d 382 (1988). Given the evidence before the judge, and appellants' allegations that Moore's Furniture and Interior Gallery was a "doing business as" designation, a factual determination as to the status of the business is required.

The majority's affirmance is particularly confusing given that they acknowledge that the trial court's determination that the corporation was the real party in interest is erroneous. Nothing in the opinion explains how the majority reaches this conclusion, but it appears that the majority is making a factual determination on that issue as well. As this case cannot be resolved without an identification of the real party in interest, and an identification of the real party in interest requires a factual determination, which we are not privileged to make, neither the 12(b)(6) dismissal nor the grant of summary judgment was appropriate.

Accordingly, I dissent.